434 So.2d 310 (1983)
DEPARTMENT OF LEGAL AFFAIRS, Petitioner,
v.
DISTRICT COURT OF APPEAL, 5th DISTRICT, Respondent.
No. 62880.
Supreme Court of Florida.
July 7, 1983.
Jim Smith, Atty. Gen. and Mark C. Menser, Asst. Atty. Gen., Daytona Beach, for pettioner.
James B. Gibson, Public Defender and Michael S. Becker, Asst. Public Defender, Seventh Judicial Cicruit, Daytona Beach, for responent.
McDONALD, Justice.
The State of Florida Department of Legal Affairs complains of an unreported order entered by the Fifth District Court of Appeal which reads:

*311 Counsel for appellant shall not cite decisions of appellate courts which have no written opinion.
The state's petition, received pursuant to article V, section 3(b)(7), Florida Constitution, requests an order commanding the district court to rescind its order and to cease directing counsel for the state as to what authorities may be cited in appellate briefs and other pleadings. After receiving a response to the state's petition and after considering this matter, we deny the state's petition and approve the order of the district court.
The issue is whether a per curiam appellate court decision with no written opinion has any precedential value. We hold that it does not.
In reaching this conclusion we note that this ruling is contrary to at least one prior decision of this Court. In State Department of Public Welfare v. Melser, 69 So.2d 347 (Fla. 1954), this Court grappled with the question of whether naturopathic physicians had the authority to prescribe drugs. A trial judge had apparently ruled in a prior case which had been affirmed without opinion, In re Complaint of Melser, 160 Fla. 333, 32 So.2d 742 (1947), that a naturopath could prescribe drugs. In discussing that case the original majority opinion stated:
"An affirmance without an opinion is an approval only of the point decided or result reached by the court below, and not of the opinion and the conclusions of law of the lower court, so as to establish a precedent for future action."
69 So.2d at 350-51, quoting 21 C.J.S. Courts § 186(c) (1940). On rehearing, by a four to three vote, the Court recognized the prior per curiam affirmed judgment and followed it, stating:
It is the view of said Justices and the Associate Justice that not only is that issue not presented for our consideration in this appeal but that since the precise and only point decided by the Circuit Court of Pinellas County in "In re Complaint of Melser, 160 Fla. 333, 32 So.2d 742," was the statutory right of naturopathic physicians to prescribe narcotic drugs included in the term phytotherapy, the affirmance of that judgment by this Court  even without opinion  settled the law to that extent and that this Court, in this case, should not be drawn into an unnecessary reconsideration of its former decision.
Id. at 353.[1] Moreover, Foley v. Weaver Drugs, Inc., 177 So.2d 221 (Fla. 1965), in discussing whether this Court should construe a per curiam decision of a district court to conflict with a written decision of another court and thus grant review because of conflict jurisdiction, states:
Nor can we escape that in common parlance, an affirmance without opinion of a trial court by a district court is generally deemed to be an approval of the judgment of the trial court, and becomes a precedent, certainly, in the trial court rendering the judgment.
Id. at 225-26.[2]
The district courts of appeal which have addressed this issue, however, have been firm in holding that per curiam affirmances without opinion have no precedential value. In Schooley v. Judd, 149 So.2d 587 (Fla. 2d DCA), rev'd on other grounds, 158 So.2d 514 (Fla. 1963), the Second District Court of Appeal noted that the trial judge had relied upon a per curiam decision without opinion by this Court and stated: "We are of the view that such a decision does not establish any point of law; and there is no presumption that the affirmance was on the merits." 149 So.2d at 590. The district court, therefore, declined to follow the trial court's conclusions. In Acme Specialty Corp. v. City of Miami, 292 So.2d 379 (Fla. *312 3d DCA 1974), the third district, in commenting on a prior decision, stated:
As noted before, this was a per curiam opinion with no reasons or authorities given and, although this may be sufficient to support a plea of res judicata as between the original parties, such per curiam affirmance opinion does not stand for any general pronouncement of principles of law that might have been urged by the parties in their pleadings and briefs.
Id. at 380 (footnote omitted). That court reiterated its position in Berek v. Metropolitan Dade County, 396 So.2d 756, 759 n. 3 (Fla. 3d DCA 1981), approved on other grounds, 422 So.2d 838 (Fla. 1982), stating: "We do not regard a per curiam affirmance without opinion as having precedential significance for other cases, notwithstanding that such an affirmance may establish the law of the particular case." (Citations omitted.) In Goldberg v. Graser, 365 So.2d 770, 773 (Fla. 1st DCA 1978), the First District Court of Appeal stated: "A per curiam affirmance without opinion does not bind the appellate court in another case to accept the conclusion of law on which the decision of the lower court was based."
The fifth district obviously agreed with the other district courts' views when it rendered its order.[3] The obvious weight of authority follows this view. See 21 C.J.S. Courts § 186 (1940); 20 Am.Jur.2d Courts § 189 (1965). The views expressed by the district courts are proper and correct interpretations of the nonprecedential value of per curiam affirmances without opinion.
Perhaps justification existed for this Court's giving precedential value to an unwritten opinion thirty years ago. It was the only appellate court and had access to all of its prior files for review, and its volume of work was small in comparison to the number of appeals today. But even if those circumstances prevailed today, we foresee great danger in applying the rule of stare decisis to such a decision. No one can ascertain what was argued to the original court first rendering a decision.[4] More importantly, however, would be the uncertainty of the law. All lawyers, and lay people also for that matter, should be able to research and have available all existing law. If there is a body of law floating around in unwritten or unpublished opinions, only those persons privy to those cases know those pronouncements.[5] This creates unwarranted confusion and disparity in the orderly presentation of issues.
The rationale and basis for the decision without opinion is always subject to speculation. In Newmons v. Lake Worth Drainage District, 87 So.2d 49 (Fla. 1956), the Court discussed several reasons for issuing per curiam decisions, some with written opinions and some without written opinions, and concluded: "In fine, there is no limit to the grounds that may prompt a per curiam opinion." Id. at 51. Such uncertainty in itself negates a basis for reliance on an unwritten decision for guidance or precedence. We therefore recede from the language in Melser on rehearing which implies that a per curiam decision without opinion can be cited as a precedent.
The second issue is whether it is proper to cite such a decision to a court. It is evident that such a citation from another court has no relevance for any purpose and is properly excluded from a brief or oral argument. While the court from which the decision emanated has a record of that case and may possess some unique knowledge underlying the decision, the court to which it is being cited can only speculate as to the rationale of such a decision and is not in a *313 position to agree or disagree with the reason for the decision.
The situation is slightly different in reference to calling a court's attention to one of its own unwritten decisions. We reiterate that such a decision is not a precedent for a principle of law and should not be relied upon for anything other than res judicata. Usually, however, it would not be improper for counsel, in an effort to persuade a court to adopt a certain position, to refer to such a decision and thereby suggest to the court how it previously viewed the proposition. That court has the records of its own decisions and the judges have the opportunity to discuss such cases collegially. Conversely, because such decisions have no precedential value, a court may take the view that it desires not to consider such cases in any circumstance, and it may properly disregard such a reference in briefs or arguments presented to it.
This case commenced with the fifth district's striking the citation of a "per curiam affirmed" decision of the Second District Court of Appeal. As such the fifth district's action was clearly proper. In the context in which it arose we believe that the order complained of referred to such citations from other courts, but, even if it included citations from itself, the Fifth District Court of Appeal had the prerogative to take the position it did.
The petition is denied.
It is so ordered.
ALDERMAN, C.J., and ADKINS, OVERTON, EHRLICH and SHAW, JJ., concur.
BOYD, J., dissents with an opinion.
BOYD, Justice, dissenting.
I respectfully dissent to the decision of the Court declining to issue the writ to the District Court of Appeal, Fifth District, as requested by the Department of Legal Affairs. Although I agree with much of what is said in the majority opinion concerning the precedential value of district court decisions rendered without opinion, the fact remains that under the basic concept of legal precedent, a court decision is a source of authority if it can be determined what the decision stands for. Moreover, I am troubled by the district court's singling out one litigant and directing it as to how to argue its causes.
On the question of whether district court of appeal decisions issued without opinion have precedential value, I would point out that a very persuasive source of authority, which the majority opinion relegates to a mere footnote, is the 1980 amendment to article V, section 3 of the Florida Constitution. There the citizens of Florida in effect declared that such decisions have no substantive value for purposes of determining this Court's jurisdiction to review district court decisions under what was previously known as "conflict certiorari." The amendment thereby abrogated a practice which dated back to this Court's decision in Foley v. Weaver Drugs, Inc., 177 So.2d 221 (Fla. 1965). Pursuant to that practice the Court would look behind the unexplained decision and examine the trial court record to determine the legal import of the appellate court decision. The practice was much criticized on the ground that the purpose of this Court's "conflict certiorari" jurisdiction was to maintain consistency and harmony in the law of the state and that such unexplained decisions were incapable of introducing uncertainty or disharmony into a body of law based on judicial precedent. Foley has now been repudiated and it has been decided that even where the trial court record of a case is available for examination, an appellate court decision without opinion has no precedential value. Surely, therefore, a citation to a decision rendered without opinion is not likely to be seen as having much value by a court without access to the record showing what issues were raised in the litigation. A court should not feel compelled to try to divine the proposition of law for which such a case citation stands.
It would therefore seem to be a very poor choice of tactics for an appellate lawyer, under the strictures of limited space and time, to rely on decisions which the court is not likely to find helpful or persuasive in *314 deciding the legal issue presented for decision. If the lawyers employed by the Department of Legal Affairs persist in relying on such citations in their briefs, their success rate in presenting their causes is likely to suffer accordingly. However, for a district court of appeal to single out one litigant, albeit a frequent one, and direct it not to cite such decisions as authorities for propositions of law seems to me to be in excess of the court's authority. Such a directive should, if issued at all, take the form of a rule of procedure applicable to all litigants. Moreover, the adoption of such a rule in one appellate district and not in others would create confusion and would be burdensome for those lawyers whose practice takes them before two or more of the district courts of appeal. While the district court's order might well be regarded as a reasonable exercise of the court's inherent power to control the process of litigation in that forum, I nevertheless feel that the reasons against the order outweigh the reasons for it. I therefore dissent and would issue the writ of mandamus.
NOTES
[1] Our research shows that Melser has been relied upon infrequently, and never for the above-quoted proposition.
[2] Using per curiam affirmed decisions without opinion as a basis for conflict jurisdiction has been sharply restricted by the 1980 amendment to this Court's jurisdiction. Dodi Publishing Co. v. Editorial America S.A., 385 So.2d 1369 (Fla. 1980); Jenkins v. State, 385 So.2d 1356 (Fla. 1980).
[3] The court reiterated its order in State v. A.D.H., 429 So.2d 1316 (Fla. 5th DCA 1983), the case which prompted the instant order.
[4] In dissent on rehearing in Melser Justice Mathews strongly argued that the trial judge had not considered all of the statutes which were applicable to the issue.
[5] In State v. Fitzpatrick, 5 Wash. App. 661, 491 P.2d 262 (1971), an appellate court found that unpublished opinions do not become part of the common law. In Jones v. Superintendent, Virginia State Farm, 465 F.2d 1091 (4th Cir.1972), the court ruled that memorandum opinions could not come under the stare decisis rule.