443 So.2d 377 (1983)
RED CARPET CORPORATION OF PANAMA CITY BEACH, a Florida Corporation, Appellant,
v.
B.K. ROBERTS, Fred W. Baggett, Ronald C. LaFace, Barry Scott Richard, and Daniel J. Wiser, d/b/a Roberts, Baggett, LaFace, Richard & Wiser, a Florida General Partnership, Appellees.
No. AQ-369.
District Court of Appeal of Florida, First District.
December 30, 1983.
Rehearing Denied February 2, 1984.
*378 R. Vinson Barrett of Barrett, Bajoczky & Barrett, Tallahassee, for appellant.
Barry Richard of Roberts, Baggett, LaFace, Richard & Wiser, Tallahassee, for appellees.
WENTWORTH, Judge.
This is an appeal from an order granting partial final summary judgment in favor of the defendant law firm in two counts of a three count complaint. The two counts affected by the order alleged (1) malicious prosecution, and (2) abuse of process. Because we find that the suit, as it pertains to these two counts, is barred by the principles of estoppel by judgment, we affirm the partial summary judgment.
Appellant is a closely held Florida corporation whose controlling stock owners are Jimmy Hatcher and his wife. In 1976 Hatcher retained John Miller to represent him and Red Carpet in separate reorganization proceedings under Chapter XI of the federal Bankruptcy Act. Sometime after that, the law firm of Roberts, Miller, Baggett and LaFace was formed; later Richard and Wiser became members of the firm. In addition to representing Red Carpet and Hatcher in the bankruptcy proceedings, Miller represented Hatcher, his wife and the corporation in various circuit court proceedings. One of these proceedings was a mortgage foreclosure which the Hatchers lost in early 1979.[1] Because of this unsuccessful litigation, Hatcher wrote Miller a "scathing letter" expressing his total dissatisfaction with Miller's representation and his intent to proceed against Miller with a malpractice suit.
On May 29, 1979, Miller filed petitions in the bankruptcy court to have Hatcher and Red Carpet adjudicated bankrupt and their assets liquidated under Chapter VII.[2] No other creditors joined Miller's petitions, and two objected to it. The petitions were denied because there was every indication that the reorganization would be successful and there was no evidence to the contrary.
In August 1979 Miller filed a complaint in circuit court against Mr. and Mrs. Hatcher for attorney's fees for his successful representation of Mrs. Hatcher in a foreclosure action against her. Miller's complaint alleged that the Hatchers had agreed to pay him $5,000 for representing Mrs. Hatcher in appeals to the First District Court of Appeal and the Florida Supreme Court.[3] In October 1979 the Hatchers answered, denying that the $5,000 was owed.
At the same time, the Hatchers filed a counterclaim against Miller and the law firm. Counts two and three of the counterclaim were for abuse of process and were identical except that one count was brought in Mr. Hatcher's name and one was in Mrs. Hatcher's name. Reduced to their essentials, the allegations in the counterclaim were that Miller had filed the suit for attorney's fees in retaliation because Mr. Hatcher had:
(1) written the above referenced "scathing letter";
(2) filed an ethical grievance against Miller;

*379 (3) objected to Miller's application for fees in the bankruptcy proceedings;
(4) filed a motion for examination of the bankrupt's transactions with his attorney.
The circuit court entered a judgment in favor of Miller for $2,500 on his claim for attorney's fees, and summary judgment in favor of Miller and the law firm on the counterclaim. The Hatchers appealed the summary judgment and this court affirmed without a written opinion. Hatcher v. Miller, 392 So.2d 70 (Fla. 1st DCA 1980).
On September 29, 1981, the present suit was brought in Red Carpet's name against Miller and the law firm. Count two of the complaint is for malicious prosecution and alleges that Miller and the law firm (1) filed the suits for attorney's fees in the circuit court and bankruptcy court, and (2) filed the application to adjudicate Hatcher and Red Carpet bankrupt in order to
punish and discredit Mr. Hatcher and the RED CARPET CORPORATION, extort Mr. Hatcher and the corporation into releasing them from liability for MILLER's poor representation, and to prevent Mr. Hatcher and the corporation from suing them.
Count three is for abuse of process and alleges that the previously mentioned actions on the part of the defendants were filed
for the purpose of extorting plaintiff into settling all its claims against defendants.
After extensive discovery, the law firm and Miller filed separate motions for partial summary judgment.
We are here concerned with the law firm's motions pertaining to counts two and three, which assert entitlement to summary judgment for three reasons. The first assertion was that it could not be vicariously liable for the alleged malicious acts of Miller because such acts were not committed in the ordinary course of the law firm's business, and were not ratified by the members of the firm. Second, the law firm asserted that appellant Red Carpet was collaterally estopped to assert its claims for malicious prosecution and abuse of process because of the previous litigation between the Hatchers and the law firm. The third asserted justification for summary judgment was that the complaint on its face failed to state a prima facie case of malicious prosecution or abuse of process.
In granting the motion for partial summary judgment, the trial court noted that "[s]ubstantially the same issues were presented in a counterclaim in the suit of [Miller v. Hatcher, Case No. 79-2151.]" The court went on to find
that there is no evidence to support Counts II and III and that there is thus no genuine issue as to any material fact with respect to the two partnerships or law firms involved in the cause presently before the Court. Therefore, the Court is of the view that partial final summary judgment should be granted in favor of the two law firms as to Counts II and III.
While a per curiam affirmance, without opinion, is not accorded precedential value as authority in subsequent unrelated cases,[4] it is clear that such a decision becomes law of the case and may bar subsequent litigation between the same parties. State Commission on Ethics v. Sullivan, 430 So.2d 928 (Fla. 1st DCA 1983). Because the injury alleged in the present suit is the same as that alleged in the first suit, and because both suits allege that Miller's wrongful acts caused the injury,[5] the principles of estoppel by judgment appear *380 to be present here. That is, the alleged wrongful acts of Miller are the issues in controversy in both cases. Since the matters to be actually litigated are the same, the suit is barred even though the second suit purports to include a cause of action not pleaded in the former suit.
There is, however, some difficulty in the application of the doctrine of estoppel by judgment in that there must be identity of parties in the prior and subsequent litigation. As previously noted, the former suit was brought by Mr. and Mrs. Hatcher personally while the named party plaintiff in the present suit is the Red Carpet Corporation. However, the complaint in the present suit alleges that Miller's actions resulted in injury to Mr. Hatcher personally as well as to the corporation. Thus, although Mr. Hatcher's name does not appear in the style of the case, his interest in its outcome is as real as in the prior action. And the identity of parties requirement has been extended to include a person who is technically not a party when that person had an interest in the prior litigation and had the right to participate therein. See McGregor v. Provident Trust Co., 119 Fla. 718, 162 So. 323 (1935). In this case, the corporate party is entirely controlled by the individuals involved in the prior action, and the events alleged to have resulted in injury to the corporation are the same as those which were or could have been alleged in the former action. In addition, the nature of the alleged injury is the same and, as noted, Mr. Hatcher personally was alleged to be an injured party in both suits. When the totality of circumstances involved in this case is viewed, it becomes clear that the present suit is an attempt to relitigate issues which were settled by the prior litigation. It follows therefore that the plaintiff is estopped by the judgment in the former suit.
While the earlier per curiam decision does not identify the rationale for affirmance, we are not now precluded from a limited clarification of that ruling, not to "presume to divine the reasoning employed by the previous panel," Sullivan, supra at 934, but to explain the effect of the estoppel applied in the present case based on the earlier ruling. We do so now because the focus of the parties' argument here would indicate that they interpret that decision as based on a determination that a law firm may not be held liable for malicious acts committed by a partner in his professional capacity because such acts are per se outside the scope of the business of law practice. See Jackson v. Jackson, 20 N.C. App. 406, 201 S.E.2d 722 (1974). The record in Hatcher, however, would support an alternative basis for affirmance, finding no abuse of discretion in the trial court's determination that the Hatchers had failed to demonstrate a prima facie case of malice on the part of Miller and that such a showing was essential to their claim. As we have noted, both that suit and this one were founded on the plaintiff's allegations that Miller wrongfully used his position as an attorney to punish and discredit them.[6] Also, from the above quoted portion of the judgment in this case, we would conclude that the trial court entered the summary judgment here on the basis of his determination that there was no showing of malice. And our affirmance of the summary judgment does not, accordingly, adopt the rationale of Jackson, supra.
Affirmed.
THOMPSON, J., concurs.
BOOTH, J., concurs in part and dissents in part with opinion.
BOOTH, Judge, concurring in part and dissenting in part:
I dissent from that portion of the majority opinion which holds that suit is barred by principles of estoppel by judgment, and would reverse the summary judgment below. In other respects, I concur with the majority opinion.
NOTES
[1] It is unclear from this record whether Hatcher, his wife, Red Carpet or any combination thereof was the party adversely affected by the outcome of the 1979 foreclosure suit.
[2] Miller claimed as a creditor because of alleged unpaid attorney's fees.
[3] Miller v. Hatcher, Case No. 79-2151.
[4] Department of Legal Affairs v. District Court of Appeal, 5th District, 434 So.2d 310 (Fla. 1983).
[5] We have not overlooked the fact that the complaint in this case alleges a particular malicious act by Miller which was not alleged in the former suit; i.e., the filing of the petition for adjudication as bankrupts. However, the petition for adjudication was filed (though not disposed of) prior to the filing of Hatcher's complaint in the former suit. Therefore, that act could have been alleged in the former suit and the underlying wrong alleged with regard to all of Miller's activities is the same; i.e., that they were done for purposes of intimidation and retribution against Hatcher personally.
[6] Id.