481 So.2d 80 (1986)
BARRY HINNANT, INC., Appellant,
v.
Frances M. SPOTTSWOOD, Appellee.
No. BF-116.
District Court of Appeal of Florida, First District.
January 3, 1986.
Rehearing Denied February 3, 1986.
Gayle Smith Swedmark of Madigan, Parker, Gatlin, Swedmark & Skelding, Tallahassee, for appellant.
Carol S. Haughwout of Fonvielle & Hinkle, Tallahassee, for appellee.
ERVIN, Judge.
This is an appeal from a judgment denying specific performance of a contract to convey real property, entered on the ground that the terms of the option to purchase were vague and ambiguous, thereby making the contract's terms unenforceable. Our review of the record, however, convinces us that the issue on which the lower court based its final judgment had previously been litigated and decided adversely to appellee's position. Pursuant, therefore, to the doctrines of res judicata and law of the case, the judgment is reversed with directions.
In 1976, appellee Spottswood's broker, Harvey Borum, negotiated a lease with appellant, a used car dealer, for the lease of one-half of a certain parcel of land located in Duval County, owned by Spottswood. The property leased is improved with a paved lot and building. The lease agreement, executed on July 16, 1976, contained the following provision:
9. The parties of the second part are hereby given an option to purchase the entire parcel owned by the party of the first part at any time during this or subsequent leases between these parties at a price not to exceed $125,000.00 with a down payment not to exceed $25,000.00. It is agreed that in the event of a sale this transaction would be handled through the present rental or sales agent as follows:
*81
 WILKERSON & BORUM, INC.
 327 Beach Boulevard
 Jacksonville Beach, Florida 32250
(emphasis supplied)
Appellant entered into subsequent renewals of the lease with appellee, each agreement containing the same terms as stated in paragraph nine. In March 1980, appellant attempted to exercise its option to purchase the entire parcel, and appellee responded by filing a declaratory judgment suit in circuit court. The complaint raised two issues:[1] (1) The term "entire parcel", as used in paragraph nine of the lease, was too vague to create the existence of an enforceable option to purchase, in that the option could apply only to that portion of the parcel which appellant actually leased; and (2) the option to purchase was unenforceable because the terms and conditions of the sale were not provided in the contract. Appellant Hinnant filed a general answer and a counterclaim, also seeking a declaratory judgment of its rights under the contract, asking the court to construe the language of paragraph nine in order to ascertain the terms of the purchase, including what interest rate, if any, was to be charged on the amount of the purchase price not paid as a down payment. The counterclaim also asks that the court "specifically enforce the option to purchase contained in the agreement, [to] determine under what conditions the purchase shall occur" and to award attorney's fees and costs for the defendant, counterclaimant. (e.s.) In the lower court's prior judgment entered on September 19, 1980, and affirmed per curiam without opinion by this court, Spottswood v. Barry Hinnant, Inc., 402 So.2d 619 (Fla. 1st DCA 1981), the following findings were made:
1. The Court finds in favor of the Defendant [Hinnant] on its counter-claim and finds against . .. Frances M. Spottswood and in favor of the Defendant Barry Hinnant, Inc.
2. The Court interprets the language found in paragraph 9 of the lease agreement between Plaintiff and Defendant to be clear and unambiguous on its face and finds that the option to purchase provided in that paragraph applies to the entire parcel owned by the Plaintiff at the location of the leased premises.
3. The Court reserves jurisdiction for the purpose of determining the terms and conditions of sale in the event the parties are unable to agree upon said matters.
Following the filing of this court's mandate affirming the above judgment, appellant for the second time endeavored to exercise its option to purchase. After appellee again refused to convey, appellant filed the suit below, seeking specific performance of the contract to convey real property. Appellee's affirmative defenses included estoppel and the lack of essential terms in the written contract, making it void under the Statute of Frauds.
At the non-jury trial conducted before the lower court,[2] Harvey Borum, appellee's real estate broker, testified that he had been in business as a real estate broker since 1946, and that by custom in the Jacksonville area, the buyer of real property pays the mortgage expenses, and the seller pays the documentary stamps on the deed and the realty fee. He later admitted that buyers and sellers occasionally vary from these practices; that the parties often will negotiate who will pay for title insurance. Moreover, at some later time, appellant and appellee were to arrange how the balance after the down payment was to be paid, the interest rate if a mortgage was to be used, whether a promissory note was to be given, and, if so, who would sign it. Barry Hinnant testified that the parties did not agree, either during or after the 1980 litigation, on any further terms of a possible purchase by appellant.
*82 In the final judgment entered below, the court made the following findings: (1) "[T]he parties contemplated some kind of terms relative to the purchase, but none were stated", except those in paragraph nine of the lease. (2) The parties have been unable to come to terms. (3) The circuit court's decision in the 1980 litigation spoke "to the matter of the language used to describe and denote whether a part, or the whole, of the land area owned by Spottswood was encompassed in the option." (4) Because the terms of the option to purchase are "vague and ambiguous", the option "is barred by the Statute of Frauds in that the essential elements of the Contract are missing", and therefore the contract "is not the type of contract that is enforceable by specific performance."
In its appeal from the judgment entered, appellant Hinnant raises two issues: (1) Whether the lease agreement contained a valid option to purchase which the lower court erred in refusing to enforce, and (2) whether the prior cause of action barred the lower court from deciding that the lease agreement did not contain a valid option to purchase. As we accept appellant's argument as to the second issue raised, we see no need to address the first, in that we consider such question has previously been decided by the prior judgment entered and affirmed by this court.
The doctrine of the law of the case, which is closely allied to that of res judicata, applies to questions that were actually considered and decided on a former appeal involving the same action. The doctrine requires adherence to the principle that questions of law decided on an appeal to a court of ultimate resort must govern the case in the same court and the trial court throughout all subsequent stages of the proceeding, whether correct on general principles or not, so long as the facts on which the decision was predicated continue to be the facts in the case. See 32 Fla. Jur.2d Judgments and Decrees § 105 (1981).
The first judgment found specifically in favor of Hinnant on its counterclaim and against Spottswood. It moreover considered the language used in the option to purchase to be clear and unambiguous. The explicitly stated purpose in reserving jurisdiction in the former case was "for ... determining the terms and conditions of sale in the event the parties are unable to agree upon said matters." In revisiting the earlier judgment, the lower court, in holding that paragraph nine of the lease is "vague and ambiguous and is barred by the Statute of Frauds", explained that the language in the earlier judgment, deciding the terms in the option to purchase were "clear and unambiguous," was meant to apply only to the question of whether a part or all of the parcel owned by Spottswood was the subject of the option to purchase. We consider the lower court's determination was an erroneous finding of fact, and that the judgment on review held contrary to what had previously been decided.
If the lower court was under a misapprehension as to the effect of the court's prior judgment, counsel for Spottswood, in perfecting his first appeal, was under no such misconception. As stated, point number two in Spottswood's brief filed in the earlier appeal raised as an issue that the option to purchase was unenforceable because the terms and conditions of the sale were not stated in the option. Counsel then, as now, raises the applicability of the Statute of Frauds on the grounds that the terms and conditions in the option to purchase were vague and incomplete.[3] On appeal from the prior judgment entered in this cause, we, as stated, per curiam affirmed the judgment without opinion. As we have recognized in State, Commission on Ethics v. Sullivan, 430 So.2d 928, 932 (Fla. 1st *83 DCA 1983), if the same issues and parties are involved in two or more cases, a PCA "becomes the law of the case, is res judicata, but is not stare decisis." (e.s.) Accord Department of Legal Affairs v. District Court of Appeal, 5th District, 434 So.2d 310, 313 (Fla. 1983). In that the question of whether the terms of the option to purchase were sufficient to justify specific performance had previously been decided, the lower court was prohibited from again litigating that issue.
The lower court's judgment in the instant cause is reversed, and we specifically direct, if the parties are unable to agree upon the terms and conditions of sale, that the court shall make such determination. The court, however, is barred by the doctrine of res judicata from deciding anew that the terms of the option to purchase cannot be enforced by specific performance.
REVERSED and REMANDED for further consistent proceedings.
JOANOS and BARFIELD, JJ., concur.
NOTES
[1] The entire record of the former case has not been made part of the record in the case on review. Since, however, an appeal was made to this court from the former judgment entered, we have taken judicial notice, as we are permitted, of the record in our files from the earlier appeal. See Department of Legal Affairs v. District Court of Appeal, 5th District, 434 So.2d 310, 313 (Fla. 1983).
[2] A different judge presided over the subsequently filed case.
[3] In fact, the case primarily relied upon by Spottswood's attorney for this position in the former appeal, Cohodas v. Russell, 289 So.2d 55 (Fla.2d DCA 1974), was cited again by counsel's brief in the present appeal for the same proposition earlier advanced  that specific performance could not be ordered because the essential terms of the contract were unclear and ambiguous.