734 So.2d 448 (1999)
STATE of Florida, Appellant,
v.
Brian Edward SWARTZ, Appellee.
No. 98-2600.
District Court of Appeal of Florida, Fourth District.
May 5, 1999.
Robert A. Butterworth, Attorney General, Tallahassee, and Robert R. Wheeler, Assistant Attorney General, West Palm Beach, for appellant.
Fredrick R. Susaneck of Essen, Essen, Susaneck, Canet & Lipson, P.A., West Palm Beach, for appellee.
POLEN, J.
The state appeals the dismissal of an information charging Brian Swartz with felony driving under the influence pursuant to section 316.193(1) & (2)(b). We reverse and remand for reinstatement of the information.
Swartz filed several unsworn motions seeking dismissal of the information on various grounds including an alleged lack of circuit court jurisdiction based either on the remoteness of two of his three prior DUI convictions, or his contention the felony DUI statute requires four DUI convictions before jurisdiction vests in the circuit court. The circuit court dismissed Swartz's information relying on a per curiam affirmance this court issued in State v. Breen, 709 So.2d 546 (Fla. 4th DCA 1998).
Swartz's citation before the trial court to our per curiam affirmance decision in Breen was improper, as was the trial court's reliance on that per curiam affirmance. As has been stated countless times before, a per curiam affirmance decision without written opinion has no precedential value and should not be relied on for anything other than res judicata. E.g., Dep't of Legal Affairs v. District Court of Appeal, 5th Dist., 434 So.2d 310, 311 (Fla. 1983). Without a written opinion, the trial court could only speculate regarding the rationale underlying this court's per curiam affirmance decision. Id. at 312-13. By way of illustration, our court file in Breen reveals it was unnecessary to reach the issue of whether jurisdiction vested in the circuit court on Breen's fourth DUI offense because the state failed to file a traverse to Breen's sworn rule 3.190(c) motion to dismiss which alleged an involuntary *449 prior conviction. Thus, the trial court's reliance on our per curiam affirmance in Breen was misplaced.
Contrary to the argument Swartz advanced below, this court has recently reiterated the well settled rule that "the existence of three or more prior DUI convictions" is an element of the charge of felony DUI under section 316.193(2)(b), Florida Statutes (1995). Harbaugh v. State, 711 So.2d 77 (Fla. 4th DCA 1998) (citing State v. Woodruff, 676 So.2d 975, 977 (Fla.1996)). Thus, the dismissal of Swartz's information on the basis a fourth DUI conviction was an element of felony DUI was in error.
The only other basis on which the dismissal could be upheld is if Swartz was correct in asserting that two of his prior DUI convictions occurring in 1974 and 1976 were too remote in time or "stale" to form the requisite three DUI convictions necessary to bring the charge of felony DUI. This argument is properly before this court because an appellate court will affirm an order on appeal where it is sustainable on an alternate theory revealed by the record. Freeman v. State, 589 So.2d 368 (Fla. 1st DCA 1991). Based on the fact section 316.193(2)(b) is silent as to when or where the previous DUI convictions must have taken place, we conclude Swartz's prior convictions are not too remote to form the requisite three DUI convictions. See Thompson v. State, 553 So.2d 153 (Fla.1989) (rejecting remoteness argument and upholding use of 1950 rape conviction as aggravating circumstance because statute defining aggravating circumstances was silent as to when or where previous conviction must have taken place).
Therefore, we reverse the order dismissing Swartz's information and remand for reinstatement of the information.
FARMER and KLEIN, JJ., concur.