IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

INTERIM NON-DISPOSITIVE OPINION
NO MANDATE WILL BE ISSUED AT THIS TIME

HUGH HICKS,

      Appellant,

 v.                                      Case No.  5D17-1282

AMERICAN INTEGRITY INSURANCE
COMPANY OF FLORIDA,

      Appellee.

_____/

Opinion filed May 18, 2018

Appeal from the Circuit Court
for Orange County,
Bob Leblanc, Judge.

Mark A. Nation and Paul W. Pritchard, of
The Nation Law Firm, Longwood, for
Appellant.

Andrew P. Rock and Julia G. Young, of The
Rock Law Group, P.A., Maitland, for
Appellee.

Chris W. Altenbernd, of Banker Lopez
Gassler P.A., Tampa, for Appellee.

**ON MOTION FOR REHEARING AND CERTIFICATION**

PER CURIAM.

American Integrity Insurance Company of Florida ("AIIC") has filed a motion for rehearing and certification. AIIC has also filed a motion for rehearing en banc, which will be the subject of a separate order by this court. In his Response to these motions, Hugh Hicks contends, among other things, that AIIC improperly reargues the issue decided by this court. Hicks further contends that AIIC's arguments regarding the per curiam affirmed decision without written opinion in Zimmerman v. American Integrity Insurance, 212 So. 3d 376 (Fla. 5th DCA 2015) (table decision), are improper.

Hicks is correct that the motion for rehearing reargues the issue already decided by this court. It has been a fundamental rule for quite some time that such argument is prohibited. As we explained in Boardwalk at Daytona Development, LLC v. Paspalakis:

> Appellees' "motion does what [Florida Rule of Appellate Procedure] 9.330(a) proscribes; it re-argues the merits of the case." Lawyers Title Ins. Corp. v. Reitzes, 631 So. 2d 1100, 1100 (Fla. 4th DCA 1993) (citations omitted). "It appears that counsel are utilizing the motion for rehearing and/or clarification as a last resort to persuade this court to change its mind or to express their displeasure with this court's conclusion." Id. at 1101. "This is not the purpose of [r]ule 9.330. It should be noted that the filing of [r]ule 9.330 motions should be done under very limited circumstances, it is the exception to the norm." Id. (footnote omitted). "Motions for rehearing are strictly limited to calling an appellate court's attention—without argument—to something the court has overlooked or misapprehended. 'The motion for rehearing is not a vehicle for counsel or the party to continue its attempts at advocacy.'" Cleveland v. State, 887 So. 2d 362, 364 (Fla. 5th DCA 2004) (quoting Goter v. Brown, 682 So. 2d 155, 158 (Fla. 4th DCA 1996)).

212 So. 3d 1063, 1063 (Fla. 5th DCA 2017).

Turning to the Zimmerman decision, AIIC makes it a feature of its motion for rehearing en banc. AIIC filed an appendix containing the briefs filed in Zimmerman in an attempt to support its argument that this court affirmed the same coverage issue and

"seemingly reached the opposite conclusion" in a case with a similar fact pattern. Those briefs clearly reveal that Hicks is correct—not only does Zimmerman have no precedential value for the purpose of granting a motion for rehearing en banc, the arguments made by AIIC regarding that decision are improper.

In the opinion rendered in the current appeal, the issue we resolved is whether the policy exclusion applies to exclude coverage for loss that occurs during the first thirteen days of water seepage or leakage. For the reasons explained in the opinion, we held that the exclusion does not apply to that time period. The briefs in the Zimmerman appeal reveal that, while the insured attempted to raise this issue in that case, AIIC argued that the issue was waived and not reviewable.[1] AIIC does not mention this fact in its motion. Yet AIIC improperly cites to Zimmerman in its motion to argue that this court seemingly reached the opposite decision regarding the same coverage issue.

AIIC's motion exemplifies the wisdom of the rule that such per curiam affirmed decisions without a written opinion have no precedential value and should only be relied upon to establish res judicata. Dep't of Legal Affairs v. Dist. Ct. of Appeal, 5th Dist., 434 So. 2d 310, 313 (Fla. 1983) ("We reiterate that such a decision is not a precedent for a principle of law and should not be relied upon for anything other than res judicata."); Munnerlyn v. Wingster, 825 So. 2d 481, 483 (Fla. 5th DCA 2002) (holding that a party's reliance on a per curiam affirmance with a dissenting opinion even from its own court was "misplaced," since a dissenting opinion has no precedential value); Robinson v. State, Dep't of HRS ex rel. Robinson, 473 So. 2d 228, 229 n.1 (Fla. 5th DCA 1985) ("We do not

---

[1] But even that issue differs from the issue in the instant case because, in Zimmerman, the only argument regarding whether coverage applied to the first thirteen days was based on the lack of a "lead-in provision" related to the "sequence of the loss."

3

need to distinguish Thompson v. Lancaster, 458 So. 2d 442 (Fla. 5th DCA 1984), a per curiam affirmance without opinion. It is not precedential authority, because the reasons for the affirmance cannot be determined."); St. Fort ex rel. St. Fort v. Post, Buckley, Schuh & Jernigan, 902 So. 2d 244, 248 (Fla. 4th DCA 2005); State v. Swartz, 734 So. 2d 448, 448 (Fla. 4th DCA 1999); Terry v. State, 467 So. 2d 761, 765 (Fla. 4th DCA 1985) ("We caution the parties and trial courts not to rely on decisions of this court or other appellate courts rendered without opinion as precedential authority in other cases.").

The Florida Supreme Court in Department of Legal Affairs addressed the propriety of citing a per curiam decision without an opinion in appellate briefs and oral arguments. 434 So. 2d at 312. The court held that it would not be proper to cite such a decision from another appellate court, explaining it "has no relevance for any purpose and is properly excluded from a brief or oral argument." Id. It also addressed whether it would be appropriate for a party to call the court's attention to one of its own per curiam affirmed decisions to "suggest to the court how it previously viewed the proposition." Id. at 313. The court indicated that while such a citation may not be improper, it would be up to the court to decide whether to consider the prior decision. Id. We hold that it is improper for a party to cite to such a per curiam decision without opinion when that same party argued in the prior appeal that the pertinent issue was waived and not reviewable.

AIIC was a party in the Zimmerman appeal, and it cited to that decision in the motion it filed in the instant appeal to show that this court decided the same issue differently in each case, knowing full well that it argued in Zimmerman that the issue was waived. In light of its waiver argument, we fail to see how AIIC can find it "troubling when a court affirms a coverage issue without explanation and then reaches essentially the

4

opposite decision a short time later," when AIIC believed that the issue was not reviewable in <u>Zimmerman</u>.

The motion for rehearing and certification is denied.

DENIED.

SAWAYA, EVANDER and LAMBERT, JJ., concur.