DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

DARRYL A. VACHON,

Appellant,

v.

THE TRAVELERS HOME AND MARINE INSURANCE
COMPANY,

Appellee.

No. 2D2023-2674
_____

Appeal from the Circuit Court for Hillsborough County; Emily A.
Peacock, Judge.

Tracy Raffles Gunn of Gunn Appellate Practice P.A., Tampa; and Lee D.
Gunn IV and Ryan Hedstrom of Gunn Law Group, P.A., Tampa, for
Appellant.

Jack R. Reiter and Robert C. Weill of GrayRobinson, P.A., Miami; and
Matthew Lavisky of Butler Weihmuller Katz Craig LLP, Tampa, for
Appellee.


NORTHCUTT, Judge.

The circuit court awarded The Travelers Home and Marine

Insurance Company a summary judgment on Darryl A. Vachon's first-

party bad-faith insurance claim, concluding that Vachon's civil remedy

notice had not complied with statutory specificity requirements. We

reverse because Travelers waived any objection it might have had to the sufficiency of the notice.

Vachon, Travelers' insured, was injured in 2011 when his car was rear-ended by a driver who had a $10,000 GEICO policy. After Travelers refused to pay benefits under Vachon's underinsured motorist (UM) coverage, in July 2012 Vachon submitted a "Civil Remedy Notice of Insurer Violations" (CRN) in order to perfect his right to pursue a bad faith claim against the insurer under section 624.155, Florida Statutes (2012).

Section 624.155 requires an insured to submit a CRN to his insurer and the Department of Insurance, asserting the former's failure to comply with its obligations, as a condition precedent to filing a bad faith action against it. The insurer has sixty days in which it may cure its alleged failures or pay the claimed damages, thereby avoiding potential bad faith litigation.[1]

Travelers sent a detailed response to Vachon's CRN in September 2012. It "respectfully denie[d] all assertions of improper claim handling," and "welcome[d the] opportunity to respond." Travelers asserted that Vachon had been fairly compensated through collection of PIP and the other driver's insurance benefits. It made no complaint about the sufficiency of Vachon's civil remedy notice.

Vachon filed suit seeking UM benefits from Travelers in March 2013. The case was actively litigated for years. There were two appellate

---

[1] The department has authority to return any notice it finds is insufficiently specific, and it must identify any deficiencies in the CRN. § 624.155(3)(c). In that event, the sixty-day period for the insurer to respond does not begin "until a proper notice is filed." § 624.155(3)(a). Notably, the department did not return the CRN Vachon submitted in this case.

proceedings in this court, a removal to federal court, a remand to the Florida court, and an appeal to the U.S. Court of Appeals for the Eleventh Circuit.[2] There was a jury trial resulting in a plaintiff's verdict exceeding the insurance policy's UM limits, followed by a trial court order granting a new trial and then a second verdict in an even greater amount. Vachon then amended his complaint to add a bad faith claim, consistent with the procedure set forth in *Fridman v. Safeco Insurance Co. of Illinois*, 185 So. 3d 1214 (Fla. 2016).

In 2021, nine years after Vachon submitted his CRN, Travelers filed a motion to dismiss the bad faith action. For the first time it contended that the CRN lacked sufficient specificity. The circuit court denied the motion to dismiss, but Travelers realleged the inadequacy of the CRN as an affirmative defense, and then it moved for summary judgment on that ground. In opposition to the motion, in addition to maintaining that the CRN had complied with the statutory requirements, Vachon argued that Travelers had waived its right to challenge its sufficiency by responding to its merits and then continuing the UM litigation with nary a word on the subject. A successor judge[3] ruled in favor of Travelers and entered summary judgment for the defense.

---

[2] *Travelers Home & Marine Ins. Co. v. Vachon*, No. 2D21-630, 2021 WL 3376091 (Fla. 2d DCA Aug. 4, 2021); *Vachon v. Travelers Home & Marine Ins. Co.*, 268 So. 3d 691 (Fla. 2d DCA 2019) (table decision); *Vachon v. Travelers Home & Marine Ins. Co.*, 20 F.4th 1343 (11th Cir. 2021); *Vachon v. Travelers Home & Marine Ins. Co.*, No. 8:20-CV-1201-T-60SPF, 2020 WL 3542655 (M.D. Fla. June 30, 2020).

[3] The circuit judge initially assigned to the matter retired, necessitating a replacement. A county judge sitting by designation as an acting circuit judge entered the order granting Travelers' motion for summary judgment. Ultimately, the circuit judge named above rendered the resulting final judgment.

Florida law has long established the general principle that " 'one can waive any contractual, statutory or constitutional right.' " *Bay v. United Servs. Auto. Ass'n*, 305 So. 3d 294, 299 (Fla. 4th DCA 2020) (quoting *Miami Dolphins, Ltd. v. Genden & Bach, P.A.*, 545 So. 2d 294, 296 (Fla. 3d DCA 1989)).  This includes prelitigation notice requirements—a party can engage in conduct that either waives the inadequacy of a notice or estops it from raising the inadequacy later. *See, e.g., Ingersoll v. Hoffman*, 589 So. 2d 223, 224–25 (Fla. 1991) (failure to timely raise a claim of insufficient notice in a medical malpractice case waived the plaintiff's failure to comply with the statute requiring such notice, even though the lack of compliance "represent[ed] more than mere technicalities").

Further, under Florida law, an insurer that responds to the merits of an insured's CRN without raising defects in the notice waives the right to make any such objection later.  *Neal v. GEICO Gen. Ins. Co.*, 358 So. 3d 749, 753 (Fla. 4th DCA 2023), *review denied*, No. SC2023-0633, 2023 WL 6964749 (Fla. Oct. 23, 2023) (holding the insurer waived the right to object to the specificity of the allegations in the CRN); *Bay*, 305 So. 3d at 299 (holding the insurer waived the right to object to the identification of the correct insurer in the CRN); *Evergreen Lakes HOA, Inc. v. Lloyd's Underwriters at London*, 230 So. 3d 1, 3 (Fla. 4th DCA 2017) (holding the insurer waived the right to object to the proper mailing of the CRN); *see also Home Ins. Co. v. Owens*, 573 So. 2d 343, 346 (Fla. 4th DCA 1990) (holding that "any defect in the [civil remedy notice] was waived and cannot be considered on appeal").

Travelers argues on appeal, as it did below, that the doctrine of waiver should not apply when the alleged deficiencies in a CRN are more than "technical."  But no authority relied on by the circuit court or cited

4

to this court has applied such a distinction. Indeed, Travelers' theory defies logic—it is *easier* to infer a knowing waiver when a party fails to object to insufficiencies that are not merely technical. And generally, the supreme court has held that waiver can apply to nontechnical deficiencies in presuit notices. *See Ingersoll*, 589 So. 2d at 224–25 (applying waiver even when lack of compliance "represent[ed] more than mere technicalities").

Travelers responded to the merits of Vachon's CRN and made no complaint that the CRN was insufficiently specific. Therefore, it waived its right to raise that argument. *See Neal*, 358 So. 3d at 753 ("Here, waiver is abundantly clear. GEICO's response to the CRN never raised an objection to it. Instead, GEICO responded on the merits. Therefore, GEICO waived any claim of noncompliance with the requirements of section 624.155.").[4]

Based on the foregoing, we easily conclude that the circuit court erred by granting summary judgment to Travelers. But we write further to address errors in the application of precedent in the circuit court's order and in Travelers' arguments.

In the court below, Travelers extensively relied on orders in proceedings before other trial courts as authority. Trial courts do not create precedent. *See Wood v. Fraser*, 677 So. 2d 15, 19 (Fla. 2d DCA 1996). In the face of binding precedent from the Fourth District and other appellate courts, trial court orders should have played no part in the circuit court's resolution of this case. *See Pardo v. State*, 596 So. 2d

---

[4] Travelers contends that *Neal* requires more before a court may find that an insurer has waived an objection to a CRN. The plain language of *Neal* quoted here refutes that assertion.

665, 666 (Fla. 1992) ("[I]n the absence of interdistrict conflict, district court decisions bind all Florida trial courts.").

Equally inappropriate, Travelers referred the circuit court to the per curiam affirmance this court issued in *Cassella v. Travelers Home & Marine Insurance Co.*, 352 So. 3d 1290 (Fla. 2d DCA 2023). The court's order granting summary judgment included an extensive discussion of the merits of that case. It is apparent that the court even reviewed the appellate briefing and the video of the oral argument in the *Cassella* appeal. It ventured that *Cassella* was "identical" to the case before it, and it declared that, while *Cassella* was not binding, "*Cassella* is . . . a highly persuasive disposition indicating that Travelers did not waive, and is not estopped from asserting, its affirmative defense."

This was incorrect and misguided. *Cassella*, as a per curiam affirmance, is of *no precedential value whatsoever*. As this court recently explained:

> "[A] per curiam appellate court decision with no written opinion" lacks "any precedential value." *Dep't of Legal Affairs v. Dist. Ct. of Appeal, 5th Dist.*, 434 So. 2d 310, 311 (Fla. 1983). Although it is not improper to cite a court's own per curiam affirmance as persuasive authority, "such a decision is not a precedent for a principle of law and should not be relied upon for anything other than res judicata." *Id.* at 313.

*Est. of Tatum v. Clearwater Care & Rehab. Ctr., LLC*, 351 So. 3d 170, 173 (Fla. 2d DCA 2022). Further, to look behind a PCA in search of support for a ruling in a different case is simply impermissible. *See State Com'n on Ethics v. Sullivan*, 430 So. 2d 928, 932 (Fla. 1st DCA 1983); *see also State v. Swartz*, 734 So. 2d 448, 448 (Fla. 4th DCA 1999) ("Without a written opinion, the trial court could only speculate regarding the rationale underlying this court's per curiam affirmance decision."). Indeed, the court below could not have properly taken judicial notice of

filings in the *Cassella* trial or appellate proceedings, had it been asked to do so.  *See Carson v. Gibson,* 595 So. 2d 175, 176 (Fla. 2d DCA 1992) (holding a trial court is not authorized to take judicial notice of the briefs and per curiam opinion from a different case).

Whereas *Cassella* was of no legal consequence in the proceedings below, the Fourth District decisions in *Neal* and *Bay* were binding. Under *Neal, Bay,* and other appellate decisions cited above, the court should have rejected Travelers' objections to the sufficiency of Vachon's CRN because any such issue had been waived.  Accordingly, we reverse the judgment in favor of Travelers and remand for further proceedings consistent with this opinion.

Reversed and remanded.

KELLY and KHOUZAM, JJ., Concur.

_____

Opinion subject to revision prior publication.