# PROCTOR v LA VAL DE LOIRE, INC.

## Case No. 90-7282-12

Seventeenth Judicial Circuit, Broward County

September 24, 1990

### APPEARANCES OF COUNSEL

**Donald G. Proctor, Jr., Esquire,** for plaintiff.

**Harry Hipler, Esquire,** for defendant.

### OPINION OF THE COURT

JAMES M. REASBECK, Circuit Judge.

*ORDER GRANTING MOTION FOR SUMMARY JUDGMENT*

THIS CAUSE having come before this Court upon Defendant's Motion for Summary Judgment, the Court having considered same and being fully advised in the premises, it makes the following conclusions of fact and law:

CONCLUSIONS OF FACTS:

1. On January 20, 1989, Plaintiff, Donald Proctor, Jr., P.A., filed an initial Petition for Declaratory Judgment; Case Number 89-01752 in Judge Musselman's division. In this prior action, Plaintiff/lessee was seeking a declaration that he was not in violation of the lease agreement.

2. Plaintiff/lessee is a law firm leasing from Defendant. Before filing the first action, plaintiff verbally advised Defendant he was subleasing the premises to another profession, Amysis Inc. Defendant objected to the proposed sublease and the first lawsuit resulted. Defendant argued to the Court that the proposed tenant was not "another professional" as intended by the lease agreement. Plaintiff then counterclaimed that Defendant was unreasonably withholding written consent affirming the new tenant.

3. On November 8, 1989 Judge Musselman granted Defendant's motion for summary judgment. The Court's order stated: "The ordinary meaning accorded the term "professional" and the use of the additional modifier of "another", in the lease at issue, serves to indicate that the Plaintiff contemplated one who was in the same professional field as himself."

4. Furthermore, Judge Musselman observed that: "The Plaintiff has raised the argument that the Defendant/landlord unreasonably withheld written consent affirming rental to the new tenant. This record reflects that this argument has no merit. The Plaintiff, . . . did not comply with the notification requirements of the lease." Final judgment was entered on November 8, 1989.

5. On January 4, 1990, Plaintiff informed Defendant, per written notification, his intention of subleasing the premises to Amysis Inc. Defendant responded via correspondence that he was objecting to the proposed sublease and further pointed out that this matter had been previously resolved through litigation.

6. Upon Defendant's objection, Plaintiff filed with this Court a second declaratory action seeking a determination that Defendant violated the lease agreement's implied covenant of good faith by unreasonably withholding consent to the subletting of the premises.

7. A final judgment or decree rendered by a court of competent jurisdiction on the merits conclusive on the rights of the parties and their privies and constitutes a bar to a subsequent suit or action involving the same cause of action or subject matter. 32 Fla. Jur.2d., *Judgments and Decrees,* § 107 (1981).

8. The doctrine of res judicata occurs when the following conditions are present: (1) identity in the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the actions; and (4) identity of the quality or capacity of the person for or against him the claim is made. *Barry Hinnant, Inc. v Spottswood,* 481 So.2d 80 (Fla. 1st DCA 1986).

9. The Supreme Court in *Gordon v Gordon,* 59 So.2d 40 (Fla. 19652) held that the test of the identity of the causes of action, for the purpose of determining the question of res judicata, is the *identity of the facts essential to the maintenance of the actions* (emphasis added). The *Gordon* Court in interpreting this phrase stated: "we have decided that the phrase "identity of the facts essential to the maintenance of the actions" is more properly construed to mean that the testimony produced by the plaintiff in the second suit must be essentially the same as that which was produced in the former action rather than to mean that the testimony in the second cause must disclose the "precise facts" which were testified in the first."

10. In the present action the allegations of the complaint are virtually identical to those stated in prior action. The only fact that is different from the former suit is paragraph six of the complaint which states: "On or about January 4, 1990 the Plaintiff made written request for Defendant's consent to Plaintiff's subleasing a portion of the subject premises to Amysis Inc." Pursuant to the lease, Plaintiff complied with the condition precedent of written notification.

11. However, the addition of paragraph six, to the same identical facts as the former action, does not alter the outcome of the prior judicial declaration. The final judgment in the previous action declared Plaintiff was not able to sublease the premises to Amysis Inc., since they were not "another professional" as contemplated by the lease agreement. Plaintiff's subsequent act of notifying the lessor in writing of the sublease does not cure the defect that Amysis is not an approved sublessee within the terms of the lease agreement.

12. The identity of the parties to the present action is the same as in the prior suit. The relief that Plaintiff now requests was raised as a counterclaim in the prior suit and was addressed by the trial court. The contract at issue (lease agreement) has been interpreted by the Court and Plaintiff was precluded from leasing the premises to Amysis Inc.

13. Therefore, Plaintiff's attempt to collaterally attack Judge Mussel-man's ruling by seeking a declaratory judgment on the issue of good

88

faith on the part of the lessor will not circumvent the full faith and effect of the prior judgment. Plaintiff's post-judgment act of providing written notification does not eradicate the duplicity of the present action. As such, this Court is without jurisdiction to rehear the merits of this lawsuit.

WHEREFORE, it is ORDERED AND ADJUDGED that the Defendant's Motion for Summary Judgment is hereby GRANTED.

DONE AND ORDERED in Chambers, at the Broward County Courthouse, 201 Southeast Sixth Street, Fort Lauderdale, Florida 33301, this 24th day of September, 1990.