CARROLL, CHAS., Judge.
In a suit by an association of liquor dealers and an individual liquor dealer against the sheriff and director of public safety of Metropolitan Dade County, the circuit court entered a declaratory decree holding the statute prohibiting retail liquor sales on general and primary elections does not apply to special elections.[1]
The Constitution provides that “[T]he Legislature shall enact such laws as will preserve the purity of the ballot given under this Constitution.” Art. VI, § 9, Fla. Const., 26 F.S.A. In the Election Code (Chapter 104, Fla.Stat., F.S.A.) which was enacted by the legislature pursuant to that constitutional direction, § 104.381 prohibits sale of alcoholic beverages as follows:
“All bar rooms, saloons, cocktail lounges, and other places for the sale of intoxicating beverages at retail within the area of any state, county, or municipal, general or primary elections shall be closed during the hours the polls are open; provided the board of county commissioners or governing body of any municipality as the case may be, may enlarge the time for such closing not to exceed twelve o’clock midnight of the evening preceding the day of such election until seven o’clock in the morning of the day thereafter and during the time hereby or so fixed the sale of all alcoholic beverages is prohibited, provided, however, that this section shall not require any vendors licensed under § 561.34, subsections (1) and (2), [beer and wine], to close their place of business. Any person who shall violate this section shall, upon conviction, be guilty of a misdemean- or.”
Section 100.191, Fla.Stat., F.S.A., a part of chapter 100, which is entitled, “General, Primary, Special, Bond And Referendum Elections,” provides in pertinent part:
“General election laws applicable to special elections-, returns. All laws that are applicable to general elections are applicable to special elections, * * *
The question involved on this appeal is whether the chancellor erred in construing the foregoing statutes as not requiring retail liquor sale establishments to be closed on the days of special elections. In seeking reversal of the chancellor’s decree, the principal arguments of appellant are that the decree made an exception based on an unreasonable classification, and that the *301 provision of § 100.191 to the effect that the laws applicable to general elections are applicable to special elections is controlling here. Appellees reply that § 104.381 is clear and unambiguous in imposing the prohibition only on general and primary elections, and that § 100.191 is not controlling because the latter is part of a statute relating to the mechanics of elections, and not in pari materia because it deals with a different subject matter. In addition, appellees place their main reliance on the evidence of legislative intent that § 104.381 shall not apply to special elections, which they argue is to be found in the change in the statute which eliminated special elections from its prohibition.
Prior to an amendment by chapter 28194, Laws of Florida, 1953, as shown by § 104.-381, Fla.Stat.1951, the statute included special elections, and read:
“All bar rooms, saloons, cocktail lounges, and other places for the sale of intoxicating beverages at retail within the area of any state, county, or municipal, general, primary or special election, shall be closed during the hours the polls are open; * * * [Emphasis added.]
The sole and express purpose of that 1953 amendment was to take “special election” out of the statute. We must give due significance to this change which was made in the statute by that amendment. The rules of statutory construction that in the case of a change in a statute it should be assumed that the legislature accorded significance to the change and had a reasonable motive for it, and that the change effected was intentional, are applicable in this instance, where there can be no doubt or uncertainty as to the purpose of the amendment, which was to eliminate special elections from the types of elections listed in the statute and in which retail liquor sales on election days were involved. Davis v. Florida Power Co., 64 Fla. 246, 60 So. 759; State ex rel. Triay v. Burr, 79 Fla. 290, 84 So. 61, 74; Atlantic Coast Line R. Co. v. Amos, 94 Fla. 588, 115 So. 315; 50 Am.Jur., Statutes, §§ 275.276; 30 Fla. Jur., Statutes, § 91. See, also, opinions of the Attorney General, 1953 Op.Atty.Gen. 053-160; 1959 Op.Atty.Gen. 059-220.
Under such conditions the court would not have been justified in adding to the present statute a restriction found in the prior statute, but which had been eliminated by amendment. The chancellor was eminently correct in refusing to supply, in the present statute, a material and substantial omission of matter which formerly had been in the statute but which had been taken out by legislative action.
Affirmed.
HORTON, C. J., and PEARSON, J., concur.

. The pertinent portion of the decree was as follows:
“That the provisions of Sec. 104.381, Florida Statutes, as amended by Chapter 28194, Laws of 1953 relating to the retail sales of alcoholic beverages, during the period of time and within the area of certain elections do not apply, and are not applicable, to ‘special’ elections.”