W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Appellant,

v.

Fred McCLURE, Appellee.

No. 7522.

United States Court of Appeals Tenth Circuit.

June 3, 1964.

Robert E. Nagle, Attorney, United States Department of Labor (Charles Donahue, Solicitor of Labor, Bessie Margolin, Associate Solicitor, and Earl Street, Regional Attorney, on the brief), for appellant.

John B. Ogden, Oklahoma City, Okl., for appellee.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

BREITENSTEIN, Circuit Judge.

This action was brought by the appellant, Secretary of Labor, to recover un-paid minimum wages and overtime compensation claimed due under the Fair Labor Standards Act of 1938, as amended.[1] The trial court held for the defendant employer.

■ The employer is a contract mail carrier for the United States Post Office Department. During the period April 10 to June 26, 1961, one Smith was employed as a truck driver on a regularly scheduled run from Clinton to Oklahoma City, Oklahoma, with intermediate stops. He was paid a flat weekly wage of $50. Smith's duties brought him within the coverage of the Act because the mail contained material moving interstate. The contract schedule was for operations seven days a week with departure from Clinton at 7:00 P.M. and arrival at the Post Office Annex in Oklahoma City, after stops en route, at 10:10 P. M. Departure from the Oklahoma City Post Office was at 3:15 A. M. and arrival at Clinton at 7:30 A. M. The distance between Clinton and Oklahoma City is about 86 miles. Time was spent in loading before departures and unloading after arrivals.

■ The employer did not keep a record of Smith's daily or weekly hours worked as required by the Act and regulations.[2]

Smith testified that his hours followed the schedule and that he worked additional time loading and unloading the truck. He worked substantially all the period in suit.[3]

The trial court found that the Secretary had failed to present sufficient facts to show that the employee was not compensated in accordance with the Act. This finding is clearly erroneous. The position of the trial court appears to have been that the burden was on the Secretary to prove by a preponderance of the evidence the actual hours worked and not paid for within the requirements of the Act.

---

1. See 29 U.S.C. §§ 206, 207, and 216(c).

2. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2 (a) (7).

3. On occasions a substitute driver was paid at the rate of $7 per day by Smith. On at least one occasion the employer drove and deducted $7 from Smith's pay.

■ Because the employer did not keep proper records the Secretary sustains the burden if it is proved that the employee "has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference."[4] The employee testified that he performed the services, except on three days when he was off, under the schedule. This schedule covered 7 hours and 25 minutes a day without regard to loading and unloading time and 7 days a week. At the time in question the minimum wage was $1.00 per hour and time and a half was required for hours worked over 40 in each week.[5] A wage of $50 a week does not satisfy these requirements.

■ The testimony of the employee made out a prima facie case. In defense the employer claims that the employee was an independent contractor. Nothing in the record sustains the contention. The employer testified that the round trip could be made in three hours. The fact is immaterial because the mail run had to be made as required by the schedule. Although the evidence is conflicting on the loading and unloading time, the hours of work under the schedule are sufficient to bring the statutes into play.[6]

The complaint as filed sought recovery of $420.97. At the start of the trial the Secretary sought to amend to recover $859.50. The court denied the request but said an amendment would be permitted at the end of the trial to conform to proof. Nothing further in regard thereto appears in the record.

■ By the amendment the Secretary sought to obtain recovery for the lay-over time in Oklahoma City. The Secretary asks that we determine the compensability of the lay-over time but we decline to do so. The testimony in regard thereto is conflicting. The answer may well depend on whether one witness or another is believed. The trial court made no findings on the point. On remand the court should permit the amendment and make findings of fact and conclusions of law on the lay-over time as well as on all the other issues of the case.

Reversed and remanded for a new trial.

---

4. Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687, 66 S.Ct. 1187, 1192, 90 L.Ed. 1515. See also Crawford Production Company v. Bearden, 10 Cir., 272 F.2d 100, 104; Mitchell v. Caldwell, 10 Cir., 249 F.2d 10, 11.

5. 29 U.S.C. §§ 206 (before effective date of 1961 amendments) and 207.

6. In answer to interrogatories the employer said that the employee worked 7 hours a day 7 days a week. Under this admission and on the basis of $1.00 per hour for a 40-hour week with time and a half for hours over 40, a weekly wage of $53.50 would be required.