## THE FLORIDA COMPANIES v. CITY OF TARPON SPRINGS et al.
No. 81-11981-14
Circuit Court, Pinellas County
December 30, 1981

Thomas Icard, for plaintiff.

Herbert Elliott, for defendant.

PHILIP A. FEDERICO, Circuit Judge.

This cause came on to be heard the 25th day of November, 1981, upon Plaintiff's Notice of Hearing, and upon considering Plaintiff's complaint, Defendants' answer, and other pleadings filed with this court, upon hearing argument of counsel, and otherwise being duly advised in the premises, this Court finds that it has jurisdiction of the subject matter hereof, and the parties hereto. The Court accepts the stipulation of the parties that the subject documents are "public records," as defined by §119.011, Florida Statutes. At issue is whether such documents are exempt from public disclosure, pursuant to §90.502, Florida Statutes.

The defendants first contend that §90.502, Florida Statutes, creates an exemption for communications made between an attorney and his public client. This Court takes judicial notice of Final Judgment rendered November 20, 1979, and Order rendered November 28, 1979, in the case styled *Aldredge v. Turlington,* Case No. 79-1023, in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, and the final Order of Dismissal rendered November 17, 1981 in the case styled *The Miami Herald Publishing Company v. City of North Miami, et al.,* Case No. 81-313-EX, in the Circiut Court of the Eleventh Judicial Circuit, in and for Dade County, Florida, but this Court respectfully disagrees with those decisions. This Court does not consider

§90.502, Florida Statutes, as exempting the opinions in question from public inspection and examination.

First, Section 90.502 was neither enacted or effective in 1975 when Section 110.07(3)(a), Florida Statutes, was passed. Section 119.07(3)(a) exempts only those documents "presently" (that is, in 1975) provided to be confidential. Had the Legislature intended to exempt records made confidential by future laws, it would not have used the word "presently." Thus, a later statute, such as the Evidence Code, does not create an exemption of records under the Public Records Act. If an exemption for attorney-client communications were not statutorily available in 1975, the Legislature could add it, as it has other exemptions, to Section 119.07(2). See *Fadjo v. Coon,* 633 F.2d 1171, 1176 n.3 (5th Cir. 1981). Indeed, as the Supreme Court of Florida specifically observed in *Wait v. Florida Power & Light Co.,* 372 So.2d 420, 424 (Fla. 1979), "if the common law privileges are to be included as exemptions, it is up to the legislature, and not this court, to amend *the* statute," that is, the Public Records Act. [Emphasis added.]

Secondly, even if Section 119.07(3)(a) did not have the clear limitation to documents statutorily confidential as of 1975, the evidence code would still not be sufficient to establish an exemption from the Public Records Act. Exemptions from the Public Records Act are to be narrowly construed and documents may be withheld only if they are clearly within the claimed exemption. Where the Legislature wants to grant an exemption from the Public Records Act, it has done so most unequivocally and clearly. E.g., Fla. Stat. 15.07; Fla. Stat. 27.37(6); Fla. Stat. 39.12(3); Fla. Stat. 39.411; Fla. Stat. 45.241; Fla. Stat. 106.25; Fla. Stat. 905.917(1). Section 90.502 specifically establishes a privilege not to testify in proceedings. Fla. Stat. 90.103, 90.501. As the Supreme Court of Florida recognized in *Wait v. Florida Power & Light Co.,* 372 So.2d 420 (Fla. 1979), the privilege not to testify is different than the statutory right of access to public records. As the Court observed in *Miami Herald Publishing Company v. Jones,* Case No. 78-06 (11th Judicial Circuit, filed November 7, 1980),

> "the Florida Evidence Code does not create any statutory exemptions to the Public Records Act; it is an evidence code governing the conduct of trial judges and attorneys with respect to the admissibility of evidence in judicial proceedings. It has no applicability to the right of the public to inspect governmental records."

The defendants also contend that the principle of *stare decisis* requires that this court follow *Aldredge v. Turlington,* 378 So.2d 125 (Fla. 1st

DCA 1980), *cert. denied,* 383 So.2d 1189, (Fla. 1980), as did the Honorable Gerald Kogan, Circuit Judge, in *Miami Herald v. City of North Miami.* The defendants argue that, under such cases as *State v. Hayes,* 333 So.2d 51 (Fla. 4th DCA 1976), a circuit court, wheresoever situate in Florida, is equally bound by a decision of any district court of appeal, regardless of its own appellate district. The Florida Supreme Court affirmed this proposition in *Stanfill v. State,* 384 So.2d 141, 143, (Fla. 1980), by stating that the decisions of the district courts of appeal represent the law of Florida unless and until they are overruled by that Court. However, this court is of the opinion that *Hayes* is distinguished by the fact that *Aldredge* was affirmed per curiam by the First District Court of Appeal. As such, this court is not bound thereby. *Berek v. Metropolitan Dade County,* 396 So.2d 756, 759 (Fla. 3rd DCA 1981); *Goldberg v. Grasser,* 365 So.2d 770, 773 (Fla. 1st DCA 1978).

Because this court has held that the Evidence Code did not establish an exemption from the Public Records Act, it becomes unnecessary to consider Plaintiff's alternative claim that the defendants have waived any exemption claimed by making public disclosures concerning the subject matter of the opinions of question. It is therefore, hereby,

ORDERED AND ADJUDGED that the documents requested by Plaintiff are public records within the meaning of the Public Records Law, that they are not exempt from public inspection, examination, and copying thereunder, and that such documents shall be made immediately available to Plaintiff for its inspection, examination, and copying, in accordance with Section 119.11(2), Florida Statutes. It is further

ORDERED AND ADJUDGED that this court reserves ruling on defendants' motion for interlocutory summary judgment in favor of defendants on the issue of defendants' liability for attorneys' fees, pursuant to Section 119.12, Florida Statutes, because a ruling is premature until Plaintiff has been provided the documents in question.