WIGGINTON, Judge.
William Monroe McDaniel appeals from the final order of the trial court dismissing his cause of action with prejudice on the basis of a prior order which the court interpreted as resolving all controversies pertaining to the assets of the estate of W.D. McDaniel, appellant’s father. We affirm.
McDaniel and Willard Musgrove, together with the estate of W.D. McDaniel, were embroiled in a controversy styled In Re: Estate of W.D. McDaniel, deceased, being Liberty County Court Case No. 79-12-CP-02. The gist of the complaint was that McDaniel's father’s will was invalid as a result of undue influence exerted by McDaniel’s stepmother. He successfully petitioned to have the stepmother removed as personal representative of his father’s estate. Unfortunately, she died prior to the trial and her estate, with Musgrove as the personal representative, was substituted as a party. On July 28, 1981, the day of the jury trial, the parties orally informed the court of a proposed settlement. Pursuant to the settlement, McDaniel would share equally, fifty-fifty, in all assets of the estate with the added bonus that he would be responsible for only $3,000 of the expenses of administration of the estate. The court wisely requested the parties to draft the settlement agreement. However, due to the parties’ inability to agree on the precise terms of the settlement, McDaniel filed a motion for an order clarifying the settlement. A hearing was held for that purpose on August 13, 1981, and again on October 30, 1981. On January 14, 1982, the trial court entered its final order clarifying the settlement agreement and ordering, inter alia, that McDaniel was entitled to one-half of the assets of the estate, less $3,000 which would be applied toward costs and attorney’s fees incurred by the estate, and that “all controversies in this Estate and between all of the parties to this action are hereby settled and the Will contest action filed by William Monroe McDaniel is hereby dismissed with prejudice.”
Meanwhile, on August 29,1981, McDaniel filed a second action against Musgrove, as representative of his deceased stepmother’s estate, and New Hampshire Insurance Company seeking damages for alleged dissipation of his late father’s estate. This case was styled McDaniel v. Musgrove, Liberty County Court Case No. 81 — 66-CA-01. While the hearings continued in Case No. 79-12-CP-02, Musgrove and the New Hampshire Insurance Company filed motions for stay pending outcome of a settlement agreement.
McDaniel appealed the trial court’s January 14 order to this Court in Case No. AK-460. Thereafter, he resumed pursuit of his claim in Case No. 81 — 66-CA-01. However, upon consideration of Musgrove’s and New Hampshire’s separate motions to dismiss, the trial court by order of May 21, 1982, dismissed the case with prejudice, finding that its prior order in Case No. 79-12-CP-02 resolved all controversies pertaining to the assets of the estate of W.D. McDaniel, including the present action. It was the trial court’s opinion that McDaniel had the right to raise all triable issues between the parties in the prior action “in order to avoid a multiplicity of actions.”
Subsequent to the May 21, 1982 order, this Court, on October 28, 1982, per curiam affirmed the trial court’s January 14, 1982 order. McDaniel now appeals the May 21, 1982 order. Musgrove cross-appeals that portion of the order denying his motion to tax costs and attorney’s fees pursuant to Section 57.105, Florida Statutes.
*1093 Upon thorough review of the parties’ briefs filed in Case No. AK — 460, it is apparent that the issue raised before us in this appeal, although cloaked in different terms, is the very same in substance as was raised in AK-460. Therefore, by our per curiam affirmance in that case, the issue is now res judicata. See Acme Specialty Corporation v. City of Miami, 292 So.2d 379 (Fla. 3d DCA 1974); and see also Golden Loaf Bakery, Inc. v. Charles W. Rex Construction, Inc., 334 So.2d 585 (Fla.1976) (England, J., concurring) for proposition that such an af-firmance may establish the law of the particular case. But compare Goldberg v. Gra-ser, 365 So.2d 770 (Fla. 1st DCA 1978), wherein it was held a per curiam affirmance without an opinion holds no preceden-tial value in a different case.
By virtue of the order entered in Case No. 79-12-CP-02, McDaniel was precluded from bringing his second cause of action. The trial court’s order is, therefore, AFFIRMED.
BOOTH and NIMMONS, JJ., concur.