PER CURIAM.
Rene Vaughn appeals the dismissal of her lawsuit against the adjacent property owner for damage caused by trees encroaching on plaintiff-appellant’s property. This court has previously held that there is no cause of action in such circumstances for nuisance, see Gallo v. Heller, 512 So.2d 215, 216 (Fla. 3d DCA 1987), or negligence. See Richmond v. General Eng’g Enters. Co., 454 So.2d 16, 17 (Fla. 3d DCA 1984).
Plaintiff contends, however, that there is a private right of action under chapter 19 of the Code of Metropolitan Dade *952 County, entitled “Lot Junk, Garbage and Trash Clearing.” Plaintiff argues that a violation of this ordinance amounts to negligence per se and that she may base a lawsuit on the ordinance. We disagree.
Writing in the context of a statute, the Florida Supreme Court has said, “Today ... most courts generally look to the legislative intent of a statute to determine whether a private cause of action should be judicially inferred.” Murthy v. N. Sinha Corp., 644 So.2d 983, 985 (Fla.1994) (citations omitted); see also Fischer v. Metcalf, 543 So.2d 785 (Fla. 3d DCA 1989). The same logic applies to a local ordinance. Here, the ordinance sets up a list of prohibited conditions, establishes a schedule of required maintenance, and provides for enforcement by the county authorities. See Metropolitan Dade County Code §§ 19-4 to -7. Civil penalties may be assessed through the county’s code enforcement procedures. See id. § 19-10. We find no intention to create a private cause of action under this county ordinance.
For the reasons stated, the dismissal of the plaintiffs action is affirmed.