819 So.2d 940 (2002)
Aindry DE LA CAMPA, Appellant,
v.
GRIFOLS AMERICA, INC., a Florida Corporation, and Mario Texeira and Orlando Garcia, individually, Appellees.
No. 3D01-201.
District Court of Appeal of Florida, Third District.
June 26, 2002.
*941 Amarillys E. Garcia-Perez, for appellant.
Muller, Mintz, Kornreich, Caldwell, Casey, Crosland & Bramnick and James C. Crosland and David C. Miller, Miami, for appellee, Grifols America, Inc.
Akerman, Senterfitt & Eidson and Nina K. Brown, Miami, and Jennifer Cohen, for appellees, Mario Texeira and Orlando Garcia.
Before LEVY, SHEVIN and SORONDO, JJ.
PER CURIAM.
Aindry De La Campa (De La Campa) appeals the trial court's order dismissing with prejudice counts I, II, and IV of her amended complaint, which alleged employment discrimination and intentional infliction of emotional distress.
De La Campa filed a charge of discrimination with the Miami-Dade County Equal Opportunity Board (MDEOB) against her employer, Grifols America, Inc. (Grifols), alleging discrimination on the basis of sexual orientation. The MDEOB issued a notice of right to sue to De La Campa, which states that "[the charging party] has the right to sue the Respondent(s) in the appropriate court of the State of Florida pursuant to Sec. 11A-12, Code of Miami-Dade County." Thereafter, De La Campa sued Grifols and her supervisors, Mario Texeira and Orlando Garcia. They, in turn, moved to dismiss the complaint. The trial court dismissed, with leave to amend, counts I, II and IV of the complaint, which alleged employment discrimination in violation of chapter 11A of the Code of Miami-Dade County (the Code), negligent training, retention and supervision, and intentional infliction of emotional distress, respectively.
De La Campa then filed an amended complaint. Count I alleges employment discrimination based on sexual orientation in violation of Chapter 11A of the Code against Grifols; count II alleges vicarious liability against Grifols; and count IV alleges a cause of action against Grifols, Texeira and Garcia for intentional infliction of emotional distress. De La Campa alleged that Texeira repeatedly advised her that she would be terminated because of her sexual orientation. She also alleged that she was intentionally excluded from corporate-sponsored social functions because of her sexual orientation.
Grifols, Garcia and Texeira filed a joint motion to dismiss counts I, II, and IV of the amended complaint. Following a hearing, the trial court entered an order dismissing counts I, II, and IV, with prejudice. As to count I, the court found that "Chapter 11A of the Miami-Dade County Code does not create a private cause of *942 action for alleged violations of Article IV, Employment." De La Campa appeals.
We review de novo the lower court's order dismissing with prejudice counts I, II and IV of the amended complaint. See Lopez-Infante v. Union Cent. Life Ins. Co., 809 So.2d 13, 15 (Fla. 3d DCA 2002); Rittman v. Allstate Ins. Co., 727 So.2d 391 (Fla. 1st DCA 1999).

I. Employment Discrimination
De La Campa argues that the trial court erred in finding that chapter 11A of the Miami-Dade Code does not create a private cause of action for employment discrimination. In support of her position, De La Campa relies on the following provisions of chapter 11A, article I, section 11A-1 of the Code:
(1) Policy. It is hereby declared to be the policy of Dade County, in the exercise of its police power for the public safety, health and general welfare, to eliminate and prevent discrimination in employment, family leave, public accommodations, credit and financing practices, and housing accommodations because of race, color, religion, ancestry, national origin, sex, pregnancy, age, disability, marital status, familial status or sexual orientation.
(2) Jurisdiction and area application.

* * * *
(c) All violations shall be prosecuted in the court of appropriate jurisdiction of Dade County, Florida.
She also cites to chapter 11A, section 11A 3(2)(h), which authorizes the Director of Equal Opportunity to issue a notice of a complainant's right to sue under article IV, the employment article. For the reasons that follow, we conclude that the trial court was correct in finding that chapter 11A does not create a private cause of action for employment discrimination.
Chapter 11A prohibits discriminatory practices in a number of areas, including employment. The chapter is divided into eight articles: article IGeneral Provisions; article IIHousing; article III Public Accommodations; article IVEmployment; article VFamily Leave; article VIOffice of Fair Employment Practices; article VIIContracting, Procurement Bonding and Financial Services Activities; and article VIIIDomestic Leave and Reporting. Each article within chapter 11A that addresses a discriminatory practice contains a section that provides for the specific remedies available under the respective article. Three of the articles, Housing, Public Accommodations, and Contracting, Procurement Bonding and Financial Services Activities, create private causes of action. See Miami-Dade County, Fla., Code, ch. 11A, art. II, § 11A-15; art. III, § 11A-24; art. VII, §§ 11A-44, 11A-48. The employment article, however, does not contain a section providing for a private cause of action; instead, it provides for an administrative relief scheme.[1]Id. art. IV, § 11A-28.
Notably, chapter 11A, section 11A-12, one of the general provisions as proposed in ordinance 90-32, used to provide for a private cause of action for all claims of discrimination arising under chapter 11A, including employment discrimination. See Metropolitan Dade County, Fla., Ordinance 90-32, (April 3, 1990); Hotelera Naco, Inc. v. Chinea, 708 So.2d 961 (Fla. 3d DCA 1998). A subsequent amendment to chapter 11A eliminated the express private cause of action contained in section 11A-12. As amended, section 11A-12 became part of article II, which is dedicated *943 exclusively to housing, and addresses unlawful housing practices.
We must give due significance to the amendment that eliminated a private cause of action for employment discrimination. See Kelly v. Retail Liquor Dealers Ass'n of Dade County, 126 So.2d 299, 301 (Fla. 3d DCA 1961). In revising chapter 11A of the Code as it relates to employment, it is evident that the Miami-Dade County Commission, the legislative body in this case, intended to exclude the mechanism that had been previously afforded to a charging party for the purpose of filing civil suits for employment discrimination. See Capella v. City of Gainesville, 377 So.2d 658, 660 (Fla.1979) ("When the legislature amends a statute by omitting words, we presume it intends the statute to have a different meaning than that accorded it before the amendment."); Arnold v. Shumpert, 217 So.2d 116 (Fla.1968) (same).
Notwithstanding the substantial changes made to chapter 11A, the amended version contains remnants of the former chapter 11A, upon which De La Campa relies in support of her position. We note first that the general provisions under article I, section 11A-1, do not serve to create a private cause of action for any discriminatory practice. The available remedies for the discriminatory practices addressed in chapter 11A are now contained within each separate article. Article I, section 11A-3(2)(h), refers to the issuance of notices of a complainant's private right to sue under article IV; however, that is no longer a possibility given the elimination of the mechanism to file a civil suit for employment discrimination. Moreover, the reference to section 11A-12 in the notice of right to sue that De La Campa received appears to be a vestige of the former version of chapter 11A, since the amended version of section 11A-12 deals exclusively with housing.
Accordingly, we find chapter 11A does not create a private cause of action for employment discrimination, and, therefore, affirm the trial court's order dismissing with prejudice count I of the amended complaint.[2]

II. Intentional Infliction of Emotional Distress
In order to state a cause of action for intentional infliction of emotional distress, a plaintiff must show that: 1) the wrongdoer's conduct was intentional or reckless; 2) the conduct was outrageous; 3) the conduct caused emotional distress; and 4) the emotional distress was severe. Clemente v. Horne, 707 So.2d 865, 866 (Fla. 3d DCA 1998). The Appellees contend that the allegations contained in count IV of the amended complaint do not rise to the level of outrageousness required under Florida law. We agree.
The Florida Supreme Court has defined outrageous conduct as conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." Metropolitan Life Ins. Co. v. McCarson, 467 So.2d 277, 279 (Fla.1985) (adopting standard set forth in the Restatement (Second) of Torts, section 46 cmt. d (1965) for evaluating claim for intentional infliction of emotional distress). What constitutes outrageous conduct is a question for the trial court to determine as a matter of law. Johnson v. Thigpen, 788 So.2d 410, 413 (Fla. 1st DCA 2001).
Florida courts have been reluctant to find claims for intentional infliction of emotional *944 distress based solely on allegations of verbal abuse. See Ponton v. Scarfone, 468 So.2d 1009 (Fla. 2d DCA 1985) (statements made to induce employee to join sexual liaison did not establish intentional infliction of emotional distress); Lay v. Roux Laboratories, 379 So.2d 451 (Fla. 1st DCA 1980) (threatening plaintiff with job, using humiliating language, vicious verbal attacks and racial epithets deemed insufficient to serve as predicate for claim of intentional infliction of emotional distress). Federal courts interpreting Florida law have allowed claims for intentional infliction of emotional distress in the workplace to go forward, where the claims involve persistent verbal abuse coupled with repeated offensive physical contact. See Vernon v. Med. Mgmt. Assocs. of Margate, Inc., 912 F.Supp. 1549, 1559 (S.D.Fla.1996) (finding that allegations of a pattern of persistent verbal and physical abuse that culminated in plaintiff's constructive discharge was sufficient to support claim for intentional infliction of emotional distress; "[i]t is the element of offensive, nonnegligible physical contact that, when coupled with persistent verbal abuse and threats of retaliation, can under some facts and circumstances constitute conduct of sufficient outrageousness to support a claim for intentional infliction of emotional distress."); Urquiola v. Linen Supermarket, Inc., 1995 WL 266582 (M.D.Fla.1995) (finding that allegations of constant sexually explicit, demeaning and vulgar language accompanied by repeated acts of kissing, groping and other physical abuse went beyond mere harassment or verbal abuse); Stockett v. Tolin, 791 F.Supp. 1536, 1556 (S.D.Fla. 1992) (holding that cumulative sexual harassment, including repeated groping and kissing, offensive touching and other physical abuse and attacks, as well as repeated verbal abuse, could be viewed cumulatively by an ordinary prudent person as outrageous).
In this case, the amended complaint alleges that Texeira and Garcia, subjected De La Campa to a severe and pervasive pattern of sexual harassment, including but not limited to, derogatory comments relating to homosexuality and other unwelcome abusive acts and conduct directed at her because of her sexual orientation and because she asserted her right to work free from discrimination. Specifically, the amended complaint alleges that Texeira repeatedly advised De La Campa that Grifols was not pleased with her sexual orientation and that as a result she would be terminated. Additionally, the amended complaint alleges that De La Campa was intentionally excluded from corporate-sponsored social functions because of her sexual orientation.
These allegations of verbal abuse and disparate treatment, if true, constitute objectionable and offensive conduct, but do not rise to the level of outrageousness that is required by law in a claim for intentional infliction of emotional distress in the employment context. Accordingly, we find count IV fails to state a cause of action for intentional infliction of emotional distress, and, therefore, affirm the trial court's order dismissing count IV against Texeira and Garcia, as well as count II, the claim against Grifols for vicarious liability, which is based on Texeira and Garcia's liability under count IV.
Affirmed.
NOTES
[1] Article VIII, the most recent addition to chapter 11A, incorporates the administrative relief scheme set forth in the employment article.
[2] We do not find merit in De La Campa's contention that the trial court denied her access to the courts. See Psychiatric Assocs. v. Siegel, 610 So.2d 419, 424 (Fla.1992) receded from on other grounds by Agency for Health Care Admin. v. Associated Indus. of Florida, Inc., 678 So.2d 1239 (Fla.1996); Kluger v. White, 281 So.2d 1 (Fla.1973).