877 So.2d 869 (2004)
Larry WILLIAMS, Appellant,
v.
WORLDWIDE FLIGHT SVCS. INC., and Arthur Ambruster, Appellees.
No. 3D03-3385.
District Court of Appeal of Florida, Third District.
July 14, 2004.
J.H. Zidell, for appellant.
Akerman Senterfitt and Rexford H. Stephens, and Harold E. Morlan, II, and Ena T. Diaz, Miami; and Baker & Hostetler and Denis L. Durkin and Celina Candes, Orlando, for appellees.
Before COPE, FLETCHER, and RAMIREZ, JJ.
PER CURIAM.
Larry Williams appeals the dismissal of his complaint with prejudice for failure to state a cause of action for intentional infliction *870 of emotional distress and for negligent retention. We affirm because the facts do not rise to the level of outrageous conduct required under Florida law to maintain an action for intentional infliction of emotional distress.
Williams is a former employee of appellee Worldwide Flight Services, Inc. where he worked under the supervision of appellee Arthur Ambruster, Worldwide's general manager. In his Amended Complaint, Williams alleged that Worldwide and Ambruster intentionally discriminated against him due to his African-American race. Ambruster, as well as other Worldwide supervisory employees, called him a "nigger" and "monkey" in front of him, other employees, over the "walkie talkie," and over the work radio. Ambruster repeatedly told him that he did not want Ambruster's "black ass" there. Ambruster also instructed Eileen Motte, another supervisor, to "create a record" of false disciplinary related incidents for Williams so as to justify Williams' subsequent termination. Motte did not allow Williams to work with other African-American employees because "niggers will steal if they are left to work together." Worldwide also falsely accused Williams of stealing. Ambruster constantly and persistently threatened Williams with job termination for no apparent reason. Ambruster also directed Williams to load and/or unload aircraft in inclement and dangerous weather conditions, to move dangerous heavy equipment and cargo, and to work extra flights thereby "eliminating" Williams' break times. The trial court subsequently dismissed Williams' amended complaint with prejudice.
In order to state a cause of action for intentional infliction of emotional distress in Florida, it must be shown that: (1) the wrongdoer's conduct was intentional or reckless; (2) the conduct was outrageous; (3) the conduct caused emotional distress; and (4) the emotional distress was severe. De La Campa v. Grifols America, Inc., 819 So.2d 940, 943 (Fla. 3d DCA 2002). Outrageous conduct is conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." Metropolitan Life Ins. Co. v. McCarson, 467 So.2d 277, 278-79 (Fla.1985). See also Scheller v. American Med. Int'l, Inc., 502 So.2d 1268, 1271 (Fla. 4th DCA 1987). Liability, however, does not extend to mere insults, indignities, threats, or false accusations. See Scheller, 502 So.2d at 1271. See also Food Lion, Inc. v. Clifford, 629 So.2d 201, 202-03 (Fla. 5th DCA 1993)(stating that a false accusation of theft was insufficient to support a cause of action for intentional infliction of emotional distress where the employer terminated an at-will employee).
We agree with the trial court that the conduct Williams complained of did not rise to the level that may be reasonably regarded as so extreme and outrageous so as to permit him to recover in an action for intentional infliction of emotional distress. If the allegations in Williams' complaint are taken as true, we do find that the allegations reflect conduct that is reprehensible, objectionable, and offensive. The allegations, however, are alone insufficient under Florida law to support a cause of action for intentional infliction of emotional distress. Compare with Nims v. Harrison, 768 So.2d 1198, 1199 (Fla. 1st DCA 2000)(where the allegations involved, unlike here, death threats, and threats to rape the plaintiff's children and other family relatives). We also do not see how the physical activities the employer subjected Williams to were sufficient to satisfy the physical contact requirement normally associated with the outrageous conduct necessary to state a valid claim for intentional infliction of emotional distress. Compare *871 with Johnson v. Thigpen, 788 So.2d 410, 412 (Fla. 1st DCA 2001)(where the allegations involved, unlike here, repeated acts of offensive physical contact sexual in nature).
This Court notes the number of state and federal remedies available to individuals who claim that they have been discriminated against in the workplace on the basis of their race. Williams could have pursued any of these remedies, and instead he elected not do so. The record does not reflect that Williams filed any discrimination charges in state court pursuant to sections 760.01-760.11, Florida Statutes (2004) ("Florida's Civil Rights Act of 1992"), or in federal court pursuant to Title VII of the 1964 Civil Rights Act against Worldwide or Ambruster. Additionally, there is no evidence that Williams filed any discrimination charges with the Equal Employment Opportunity Commission (EEOC).
We therefore affirm the dismissal of the claim for intentional infliction of emotional distress, and likewise find no error in the trial court's dismissal of the negligent retention claim.
Affirmed.