# Third District Court of Appeal
## State of Florida

Opinion filed September 7, 2022.

_____

No. 3D21-598
Lower Tribunal No. 20-19278
_____

**Andre White,**
Appellant,

vs.

**AutoZone Investment Corporation,
d/b/a AutoZone Auto Parts,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Lourdes Simon, Judge.

Law Offices of Levy & Levy, P.A., and Chad E. Levy (Sunrise); Diane Perez, P.A., and Diane P. Perez, for appellant.

Jones Walker LLP, and Laurie M. Riley, for appellee.

Before LOGUE, HENDON and GORDO, JJ.

GORDO, J.

## ON MOTION FOR REHEARING

We deny AutoZone Investment Corporation d/b/a AutoZone Auto Parts' motion for rehearing, rehearing en banc or for certification of a question of great public importance, but withdraw our previous opinion, and substitute the following opinion in its stead.

## INTRODUCTION

Andre White appeals a trial court's order granting AutoZone Investment Corporation d/b/a AutoZone Auto Parts' motion to dismiss with prejudice. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). Because we find that section 11A-28(10) of the Miami-Dade County Code establishes a private cause of action, we reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

Andre White began working for AutoZone in 2015. While he was an employee, he alleges he was subjected to ongoing verbal abuse due to his sexual orientation. White made a complaint to the corporate office in May 2019 and was placed on leave pending an investigation. White was terminated on June 4, 2019.

White subsequently filed a complaint of discrimination with the Miami-Dade Commission on Human Rights. In August 2020, White received a notice of right-to-sue from the Commission indicating the investigation was

2

being terminated for his failure to cooperate with the agency and that he could pursue his charge further pursuant to Chapter 11A, section 11A-28(10) of the Miami-Dade County Code within ninety days of receipt of the notice.

On September 9, 2020, White filed a complaint against AutoZone for sexual orientation discrimination and retaliation in violation of Chapter 11A of the Miami-Dade County Code. In January 2021, AutoZone filed a motion to dismiss White's complaint, arguing Chapter 11A does not provide a private cause of action for employment discrimination. White filed a response to the motion which asserted the plain language of section 11A-28(10) established a private cause of action. AutoZone filed a reply asserting section 11A-28(10) does not create a private cause of action. The trial court heard argument on the motion and, on January 28, 2021, granted the motion to dismiss with prejudice finding section 11A-28(10) does not establish a private cause of action. This appeal followed.

**STANDARD OF REVIEW**

This Court reviews a trial court's determination on a motion to dismiss de novo. Grove Isle Ass'n, Inc. v. Grove Isle Assocs., LLLP, 137 So. 3d 1081, 1089 (Fla. 3d DCA 2014). "The construction of a statute is an issue of law subject to de novo review." Aramark Unif. & Career Apparel, Inc. v. Easton, 894 So. 2d 20, 23 (Fla. 2005).

# LEGAL ANALYSIS

White contends the trial court erred in granting the motion to dismiss because the plain and unambiguous language of section 11A-28(10)(b) establishes a private cause of action for employment discrimination. We agree.[1]

In 1997, the Miami-Dade County Commission enacted Chapter 11A to prevent discrimination in housing, credit and financing practices, public accommodations, employment, family leave and employment in Dade County service.[2] Article IV of the Chapter deals with employment discrimination.[3]

Section 11A-28 provides procedures for employment discrimination complaints. Per the terms of the section, after a complaint is filed the director

---

[1] We express no opinion upon the constitutionality of section 11A-28(10) or whether the section is preempted by any state law as these issues were not raised by either party. Further, we express no opinion as to whether White sufficiently complied with the provisions of section 11A-28(10) so as to maintain a cause of action. "Sitting as an appellate court, we are precluded from making factual findings ourselves in the first instance," and the trial court solely dismissed the complaint after finding section 11A-28(10) did not afford a private right of action. Douglass v. Buford, 9 So. 3d 636, 637 (Fla. 1st DCA 2009).

[2] The ordinance enacting Chapter 11A repealed a prior version of the Code.

[3] Section 11A-25(2) defines Employer as "any person who in the regular course of business has five (5) or more employees in Dade County in each of four (4) or more calendar weeks in the current calendar year and any agent, acting manager, contractor or subcontractor of such person."

of the Dade County Equal Opportunity Board or his or her designee shall conduct an investigation and "prepare a finding related to probable cause consisting of a final investigative report and recommended order." See § 11A-28(7)(b). The report would become final ten days after issuance, unless a hearing was requested pursuant to section 11A-28(9), which provides:

> **(9) *Hearing in front of Equal Opportunity Board.***
>
> (a) If within ten (10) days after receipt of the director's finding related to probable cause the respondent or the complainant submits a written request for a hearing before the board, then such hearing shall be granted expeditiously. A written request for a hearing submitted more than ten (10) days after receipt of the director's finding may be granted only upon a showing of good cause. The director shall have the final authority in deciding whether good cause has been shown. No hearing may be had from the director's decision that good cause has not been shown. No hearing may be had from the director's finding of lack of jurisdiction.
> . . .
> (e) Upon the conclusion of the hearing, an adjudicative final order shall be issued and served upon the parties.

(emphasis added). Unlike other provisions in Chapter 11A, this employment discrimination article did not provide any procedures for enforcement by private persons.

In 2006, the Miami-Dade County Commission amended section 11A-28 to include:

**(10) *Enforcement by private persons.***

(a) If within one hundred eighty (180) days after a complaint is filed alleging discrimination, the Director [of the Commission on Human Rights] has been unable to obtain voluntary compliance with the provisions of this Article, the aggrieved person may demand a notice of right-to-sue from the Director, the issuance of which shall terminate the jurisdiction of the Director and the Board over such a complaint. Not later than ninety (90) days **following receipt of the notice of right-to-sue, the aggrieved person may commence a civil action in a court of competent jurisdiction against the respondent** named in the complaint.

(b) If, **in a private enforcement proceeding under this Article**, the court finds that a discriminatory practice has occurred or is about to occur it may issue an order prohibiting the practice and providing affirmative relief from the effects of the practice, including temporary or permanent injunctive and other equitable relief, temporary restraining order, actual and punitive damages, reasonable attorney's fees, interest, costs or other appropriate relief.

Section 11A-28(10) (emphasis added).

## I. Interpretation of Section 11A-28(10)

"In construing a statute we must begin, and often should end as well, with the language of the statute itself." U. S. v. Steele, 147 F. 3d 1316, 1318 (11th Cir.1998); Conn. Nat'l Bank v. Germain, 503 U.S. 249, 253–54 (1992) ("[I]n interpreting a statute a court should always turn first to one, cardinal canon before all others. We have stated time and again that courts must

6

presume that a legislature says in a statute what it means and means in a statute what it says there."). "The same logic applies to a local ordinance." Vaughn v. Segal, 707 So. 2d 951, 952 (Fla. 3d DCA 1998). When the words of a statute are unambiguous, "judicial inquiry is complete." Rubin v. United States, 449 U.S. 424, 430 (1981).

AutoZone argues nothing in section 11A-28(10) specifically states a complainant may pursue an employment discrimination claim under Chapter 11A. "In ascertaining the plain meaning of the statute, the court must look to the particular statutory language at issue, as well as the language and design of the statute as a whole." K Mart Corp. v. Cartier, Inc., 486 U.S. 281, 291 (1988); see also Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts § 6, at 167 (2012) (stating a "judicial interpreter [should] consider the entire text, in view of its structure and of the physical and logical relation of its many parts," when interpreting any particular part of the text).

The plain language of the statute clearly creates a private cause of action. Section 11A-28(10)(a) provides an individual the right to obtain a "notice of right-to-sue" and once such notice has been obtained that individual may "commence a civil action in a court of competent jurisdiction." Section 11A-28(10)(b) explicitly states a court may issue orders or provide

7

affirmative relief "in a private enforcement proceeding under this Article." Read together, this expressly creates a guideline for private enforcement of the employment discrimination chapter of the ordinance.[4]

AutoZone compares section 11A-28(10) to the administrative scheme of section 760.11(4), Florida Statutes, which provides that if the Commission on Human Rights determines there is reasonable cause to believe that a discriminatory practice has occurred "in violation of the Florida Civil Rights Act of 1992, the aggrieved person may either:  (a) Bring a civil action against the person named in the complaint in any court of competent jurisdiction; or (b) Request an administrative hearing under ss. 120.569 and 120.57."

---

[4] It is well settled that "[w]hen the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning."  A.R. Douglass, Inc., v. McRainey, 137 So. 157, 159 (Fla. 1931).  That principle aside, even if the language contained in the section could be considered ambiguous, "the title of a statute or section can aid in resolving an ambiguity in the legislation's text."  I.N.S. v. Nat'l Ctr. for Immigrants' Rights, Inc., 502 U.S. 183, 189 (1991).  Here, the title of the section resolves any purported ambiguity as to whether a private cause of action to enforce the Chapter exists because it clearly states "[e]nforcement by private persons."  Other articles of Chapter 11A have similarly titled sections and subsections which have been found to create a private right of action.  See Francois v. Caribbean Airmail, Inc., 2002 WL 31465742, at *1 (S.D. Fla. June 18, 2002) ("[T]he sections dealing with housing, public accommodations, and contract procurement do expressly provide for private relief.")

Section 760.11(4), however, is not analogous because section 11A-28(10)(a) provides enforcement by a private person may commence "[i]f . . . the Director has been unable to obtain voluntary compliance with the provisions of this Article" and receipt of a right to sue, not after the Commission on Human Rights "determines there is reasonable cause to believe that a discriminatory practice has occurred." § 760.11(4), Fla. Stat. There is no prerequisite for an employee to obtain a probable cause determination prior to commencing a civil action and the plain language clearly authorizes employees to litigate their claims pursuant to Chapter 11A.

Section 11A-28(10) follows an outline of the procedures to be conducted by the Commission on Human Rights after a complaint is filed. Based on this structure, and the fact the section specifically provides it applies where "the Director has been unable to obtain voluntary compliance with the provisions of this Article," this section is not meant as an administrative relief scheme. Rather, the section is meant as a guideline for a private individual to seek to enforce the employment discrimination article of Chapter 11A after the Commission on Human Rights has failed to provide relief.

II.    *Prior Precedent*

AutoZone also argues the trial court's finding that section 11A-28(10) does not create a private right of action should be affirmed because other courts, including this Court, have found this section only allows an employee to pursue a claim in court against their former employer upon receipt of a notice of right-to-sue, but cannot assert such a claim under Chapter 11A.

No District Court of Appeal in Florida has explicitly addressed whether the ordinance creates a private cause of action after its amendment. Other circuit and federal courts have addressed this ordinance post-amendment and have cited to a per curiam decision of this Court based on a trial court order finding section 11A-28 did not create a private cause of action. See Hernandez v. Life Alert Emergency Response, Inc., 124 So. 3d 931, 931 (Fla. 3d DCA 2013). We start by emphasizing a well-established rule of jurisprudence—an unelaborated per curiam affirmance has no precedential value in any other case. See Dep't of Legal Affairs v. Dist. Court of Appeal, 5th Dist., 434 So. 2d 310, 313 (Fla. 1983) ("We reiterate that [a per curiam] decision is not a precedent for a principle of law and should not be relied upon for anything other than res judicata."); Berek v. Metro. Dade Cnty., 396 So. 2d 756, 759 n. 3 (Fla. 3d DCA 1981) ("We do not regard a per curiam affirmance without opinion as having precedential significance for other cases, notwithstanding that such an affirmance may establish the law of the

10

particular case."); <u>Goldberg v. Graser</u>, 365 So. 2d 770, 773 (Fla. 1st DCA 1978) ("A per curiam affirmance without opinion does not bind the appellate court in another case to accept the conclusion of law on which the decision of the lower court was based."); <u>Mobil Chem. Co., a Div. of Mobil Corp. v. Hawkins</u>, 440 So. 2d 378, 383 (Fla. 1st DCA 1983) (holding a per curiam affirmance without written opinion has no precedential value, even in the deciding court).

While the decision in <u>Life Alert</u> was affirmed by our Court, such action should not be considered approval of the analysis and conclusions of law on which the decision of the lower court was based. <u>See</u> <u>Life Alert</u>, 2012 WL 12887229, at *1. Per curiam affirmances have no precedential value because "[t]he rationale and basis for the decision without opinion is always subject to speculation." <u>Legal Affairs</u>, 434 So. 2d at 312. "[T]here is no limit to the grounds that may prompt a per curiam opinion." <u>Newmons v. Lake Worth Drainage Dist., for Use & Benefit of Martin</u>, 87 So. 2d 49, 51 (Fla. 1956). "Such uncertainty in itself negates a basis for reliance on an unwritten decision for guidance or precedence." <u>Legal Affairs</u>, 434 So. 2d at 313. As such, our unelaborated per curiam affirmance decision in <u>Hernandez</u> ought not be cited for the proposition that section 11A-28(10) does not establish a private cause of action. <u>Hernandez</u>, 124 So. 3d at 931.

11

We are cognizant of this Court's finding in <u>De La Campa v. Grifols Am.,</u> <u>Inc.</u>, 819 So. 2d 940, 943 (Fla. 3d DCA 2002) that Chapter 11A does not create a private cause of action for employment discrimination. <u>Id.</u> <u>De La</u> <u>Campa</u>, however, was issued prior to the 2006 amendment by the Commission adding section 11A-28(10). <u>Id.</u> We must give proper significance to the Commission's subsequent amendment to the Code adding an unambiguous section titled "[e]nforcement by private persons." § 11A-28(10). In revising section 11A-28 to include (10)(a) and (10)(b), it is evident the Commission intended to include a mechanism affording a charging party the right to pursue a private cause of action for claims of employment discrimination arising under Chapter 11A.

Other courts, however, have utilized <u>De La Campa</u> to find the amended version of section 11A-28 creates no private cause of action. These courts reason that section 11A-28(10) merely provides an administrative relief scheme relating to employment discrimination matters. <u>State v. Life Alert</u> <u>Emergency Response</u>, 2012 WL 12887229, at *1 (Fla. Cir. Ct., Miami-Dade Cnty. Oct. 19, 2019) (citing <u>Id.</u> at 942). When considering the amendment, the cases rationalize that section 11A-28(10)(a) only "provides for an administrative relief scheme relating to employment discrimination matters." <u>Life Alert</u>, 2012 WL 12887229, at *1; <u>see also</u> <u>Espinoza v. John Bean Techs.</u>

12

Corp., 2019 U.S. Dist. LEXIS 176425, at \*3–\*4 (S.D. Fla., Oct. 9, 2019). These cases find this section "does allow an aggrieved person to file a lawsuit independently, but only if the party wishes to pursue the matter outside of the provisions of the Code." Life Alert, 2012 WL 12887229, at \*1.

We do not believe these cases can be reconciled with the 2006 amendments to Chapter 11A. First, these cases would interpret Chapter 11A's provisions for obtaining a "notice of right-to-sue" to "commence a civil action in a court of competent jurisdiction" as providing only the right to sue under unnamed federal and Florida laws, not under Chapter 11A. But the County has no legislative power to require a person to obtain a notice of right-to-sue from the County before a person can proceed with a cause of action under federal and Florida laws. If this Court were to utilize the reasoning in these cases, the requirement in section 11A-28(10)(a) that a party obtain a notice of right-to-sue prior to commencing a civil action would be rendered a nullity.

Second, this analysis ignores section 11A-28(10)(b), which discusses a private enforcement proceeding under the Chapter. If this Court were to agree that section 11A-28(10)(a) gives a party a right to sue but only "outside the provisions of the Code," it would render subsection (b) meaningless. § 11A-28(10). "It is a cardinal rule of statutory interpretation that courts should

13

avoid readings that would render part of a statute meaningless." <u>Forsythe v. Longboat Key Beach Erosion Control Dist.</u>, 604 So. 2d 452, 456 (Fla. 1992). "Where possible, courts must give full effect to all statutory provisions and construe related statutory provisions in harmony with one another." <u>Id.</u> at 455. The plain and unambiguous language of section (10)(a) and (10)(b) makes clear that once an aggrieved party has obtained a notice of right-to-sue it may commence a private enforcement proceeding *under this Chapter*.

We also note that the facts in <u>Life Alert</u> are distinguishable. The plaintiff there initially filed a complaint with the Miami-Dade County Commission on Human Relations. <u>Life Alert</u>, 2012 WL 12887229, at *1. Following an investigation, the director concluded there was probable cause a discriminatory employment practice had occurred. <u>Id.</u> This determination also included a list of recommended remedial actions against the former employer. <u>Id.</u> The Director's determination was not timely appealed by the employer and the parties subsequently failed to reach a resolution through conciliation. Thereafter, the plaintiff filed suit with the circuit court.

The plain language of section 11A-28(10)(a) states "[i]f . . . the Director has been unable to obtain voluntary compliance with the provisions of this Article, the aggrieved person may demand a notice of right-to-sue from the Director" and "following receipt of the notice of right-to-sue, the aggrieved

14

person may commence a civil action in a court of competent jurisdiction against the respondent named in the complaint." In <u>Life Alert</u>, there was no demonstrable non-compliance with the provisions of the Code, and it is unclear whether the plaintiff ever received a notice of right to sue. <u>Id.</u> Here, White received a notice of right to sue from the Commission on Human Rights after the director was "unable to obtain voluntary compliance." As such, White timely commenced a civil action after receipt of a notice of right to sue. § 11A-28(10)(a).

## CONCLUSION

The plain language of section 11A-28(10)(a) and (b) clearly establishes an aggrieved individual may pursue a private cause of action under the Code. Accordingly, we reverse the order dismissing the complaint with prejudice and remand for further proceedings consistent with this opinion.

Reversed and remanded.